## SALTER *vs.* IVEY.

[PROSECUTION BY APPORTIONER AGAINST OVERSEER OF ROAD.]

1. *Costs.*—When an action is instituted against a defaulting overseer of a public road, for a neglect of his official duty, (Code, § 1172,) the apportioner who made the return, and at whose instance the summons was issued, is not liable to a judgment for costs when the proceeding is quashed in the circuit court.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. NAT. COOK.

THE record in this case shows the following facts: On the 12th March, 1858, Turner Ivey, "apportioner of Mill beat No. 2 in said county," returned Z. W. Salter as a defaulter, "in failing to make all the hands apportioned to him in his precinct work on the road, with and when the other hands worked, at his last working in the spring of 1858." On this return being made, Salter was summoned before a justice of the peace of the county, "to appear and answer the complaint of Turner Ivey, apportioner of Mill beat No. 2;" the cause of action endorsed on the summons being in these words: "Failure to make John C. Lassiter's hands work the road, with the other hands, at the last working of said Z. W. Salter." The justice rendered judgment against Salter, for thirty dollars and costs; from which judgment Salter took an appeal to the circuit court. The record does not show that any complaint was filed in the circuit court; but the judgment entry recites, that "the defendant demurred to the summons and complaint," and that the court sustained the demurrer, but ordered "that the defendant recover no costs of the plaintiff." The refusal of a judgment for costs is the only matter now assigned as error.

WATTS, JUDGE & JACKSON, for appellant.

J. W. SHEPHERD, *contra*.

R. W. WALKER, J.—The proceedings in this case were exceedingly informal. But we think it sufficiently appears that this was intended as a prosecution, under section 1172 of the Code, by the apportioner, in the name of, and for the benefit of the county. In such a case, the apportioner who makes the return, and on whose complaint the summons is issued, ought not to be held responsible for the costs.

Judgment affirmed.