# State *ex rel.* Bryan *v.* McDuffie, Judge, etc.

*Appeal from Judgment dismissing Petition for Prohibition.*

1. *County court; of what proceeding has not jurisdiction.* — The county court has no jurisdiction, either under the statutes or its power to punish for contempts, of a proceeding to impose upon the sheriff the fine of $100, authorized by § 4167 R. C., for his failure, from want of due diligence, to execute a "writ of arrest;" and if it takes cognizance of such a proceeding the sheriff is entitled to prohibition to restrain its action in the matter.

2. *Costs; when not imposed.* — In this case, although the judgment of the circuit court was reversed and a peremptory writ of prohibition issued, no costs were imposed on the county judge.

[State *v.* McDuffie.]

APPEAL from Circuit Court of Lowndes.

Tried before Hon. JAMES Q. SMITH.

A *capias*, issued from the county court, having been placed in the hands of Bryan, sheriff of the county, and returned " *non est*," the county solicitor, after giving the sheriff due notice, moved the county court (Hon. J. V. McDUFFIE, probate judge, presiding) for judgment in the name of the State, for the use of the county, against the sheriff, to recover of him a fine of one hundred dollars for his failure, from want of due diligence, to execute the warrant of arrest. The sheriff demurred to the jurisdiction of the court and moved to dismiss the case, but the demurrer and motion were both overruled and the motion set for a hearing at the next monthly term.

Upon the sheriff's petition for prohibition, reciting these facts, the judge of the second judicial circuit, in vacation, ordered that a rule issue to the judge of the county court commanding him to show cause at the next term of the circuit court of Lowndes, why he should not be prohibited, &c. At the next term the parties appeared, and the court overruled relator's motion to make the rule absolute, dismissed the petition, and taxed relator with the costs.

It is now assigned as error that the court erred in not making the rule absolute, and in dismissing the petition.

ELMORE & COOK, for appellant.

R. M. WILLIAMSON, *contra.*

JUDGE, J. — We think it clear that the county court had no jurisdiction of the proceeding against the relator, as the jurisdiction of that court is confined by statute to the trial of misdemeanors only.

The proceeding seems to have been instituted under section 4167 of the Revised Code, which provides that " any sheriff who fails to execute a writ of arrest, from the want of due diligence, to be determined by the court, may be fined one hundred dollars, or less, on one day's notice ; and if such fine is not paid, may be imprisoned in the county jail for not more than two months."

The following facts, we think, clearly show that this section of the Code was never intended to apply to the county court, and confers no jurisdiction upon it, viz.: The section is found in article 4, chapter 8, of the Code, which chapter relates exclusively to *" proceedings in the circuit and city courts ; "* constables are not included in its provisions and made liable to its provisions, who, alike with sheriffs, are authorized to execute warrants of arrest returnable to the county court. Process of

arrest of the county court is styled by the Code "*warrant* of arrest," and not "*writ* of arrest," the latter term being applied to process of arrest from the circuit or city court issued after indictment found in said courts.

But it is contended by counsel that an inherent power exists in all courts to punish for a contempt of its authority; that this power, although restricted by our Code, is recognized by it as being vested in all the courts of this State; that the proceeding in question was naught but a proceeding to punish for a contempt, and that the court having jurisdiction for that purpose cannot be legally arrested in its action by the writ of prohibition.

Section 4167 of the Code was not intended to provide a mode of punishment for a contempt of the process of the court. Previous provisions of the Code had covered the whole ground upon the subject of contempts of court. But that section was intended to provide for the summary infliction of a penalty upon a sheriff, who, "from the want of due diligence," had failed to execute a writ of arrest. In the proceeding against the relator no question of contempt was involved; it was simply an effort on the part of the county solicitor to recover, for the use of the county, a penalty alleged to have been incurred by the relator "*from the want of due diligence as sheriff.*" If, however, as contended, a contempt was involved in the proceeding, the court was exceeding the bounds of its jurisdiction, and the writ of prohibition "lies against inferior tribunals, when, in handling matters clearly within their cognizance, they transgress the bounds prescribed to them by the laws." 3 Bla. Com. 112; *Ex parte Greene & Graham*, 29 Ala. 52.

No statute exists providing for the infliction of a penalty upon sheriffs and constables for failing to execute warrants of arrest returnable to the county court, from the want of due diligence; and perhaps some legislation is necessary upon that subject.

The relator, having no other adequate remedy, is entitled to the relief he asks.

Let the judgment of the circuit court be reversed, and a peremptory writ of prohibition be issued from this court, as prayed for by the relator. Let no costs be imposed upon the judge of the court to whom the prohibition is issued.