# Gray, Treasurer, etc., *v.* Abbott.

### *Application for Mandamus.*

1. *County treasurer; when required to register witness certificates; mandamus.*—Under the provisions of the statute it is the duty of the county treasurer to file and register State's witness certificates when they are duly authenticated (Code, § 1429, Subdiv. 5); and the fact that such witness certificates had been paid in part by the State out of the convict fund as provided by statute constitutes no excuse for the treasurer's refusal to file and register such certificate as a claim for the balance due thereon; and upon his failure to so file and register the certificate he can be compelled thereto by *mandamus.*

APPEAL from the City Court of Birmingham.

Heard before the Hon. W. W. WILKERSON.

The appeal in this case is from the judgment of the city court awarding a peremptory writ of *mandamus* upon the petition of appellee. The facts of the case are sufficiently set forth in the opinion.

DILL & ALLEN, for appellant, cited Criminal Code, § 4511; 23 Am. & Eng. Ency. Law, 484; *Pierpont v. Cronch,* 10 Cal. 315; *Kora v. City of Ottowa,* 32 Ill. 121.

ROBERT N. BELL, *contra.*

DOWDELL, J.—This was an application by appellee, John P. Abbott, for a peremptory writ of *mandamus* to Henry B. Gray, appellant here, as county treasurer, to compel him, as such treasurer, to file and register against the fine and forfeiture fund of the county, a State's witness certificate, issued to one D. O. Keene, for attending as a State's witness in the case of the State v. Jim Tucker, indicted, tried and convicted for grand larceny in the criminal court of Jefferson county, and which said certificate had been transferred to the said petitioner, John P. Abbott. Said certificate, covering *per diem* and mileage, was for the sum of $2.80, and on it had been paid the sum of $1.01, that being the *pro rata* amount payable to said witness out of the convict fund paid on the certificate of the clerk under the provisions of the statute authorizing and directing the payment of certain fees and items of cost in felony cases, leaving a balance due upon the certificate of $1.79.

It is admitted by the appellant, Henry B. Gray, that said certificate was duly authenticated pursuant to the provisions of sections 4584 and 4586 of the Criminal Code. Subdivision 5 of section 1429 of the Code of 1896 makes it the duty of the county treasurer to file and register State's witness certificates when duly authenticated. The treasurer refused to file and register said certificate, his contention being that the law did not authorize the filing and registering of the certificate of a State's witness in such a case, because, when payment is made by the State out of the convict fund, as provided by the statute, that such payment fully discharges the witness certificate, whether the same is sufficient to cover the whole amount or not. This contention, we think, is without merit.

The statute which provides for the payment of certain fees and costs out of the convict fund on the certificate of the clerk contains a provision that in no one case in the payment of such fees and costs shall the amount paid exceed the sum of $150. It was not the purpose or intention of the legislature, by the enactment of this statute to abrogate and annul the statute fixing the *per diem* and mileage of State's witnesses. To put the construction upon the statute regulating payment of

fees and costs out of the convict fund as contended for by the appellant, would lead to the result of fixing the *per diem* and mileage of a State's witness in a felony case where the defendant is convicted and sentenced to the penitentiary wherein the whole costs exceeded $150, different from that in a case where the whole cost was equal to or less than $150. We are satisfied that the legislature, in the enactment of this statute, never had in contemplation such purpose or result. On the admitted facts in the case the petitioner was entitled to have his certificate for the balance due thereon filed and registered as a claim against the fine and forfeiture fund of the county.

The judgment of the court below, in awarding the peremptory writ of *mandamus*, is affirmed.