[Mims, Treas. v. State, ex rel. Stallworth, Sheriff.]

# Mims, Treas. *v.* State, *ex rel.* Stallworth, Sheriff.

## *Mandamus.*

### (Decided April 17, 1913. 61 South. 811.)

1. *Counties; Charges; Officers' Fees.*—Under section 6889, Code 1907, the fees therein provided do not become charges against the fine and forfeiture fund until the return of the execution against the defendant nulla bona, and claims for such fees are not entitled to registration until then.

2. *Same; Collection.*—Since the county is protected against double payment by sections 6890, 6892, Code 1907, the fact that claims of court officers for fees where the convicted defendants were shown insolvent had been paid in part by the proceeds of the labor of the convicts, is no bar to the assertion of the claim against the county.

3. *Mandamus; Officer's Fee; Payment.*—The fact of a surplus in the county fine and forfeiture fund over the sum required to pay the claims of state witnesses, out of which the court officers are entitled to fees under section 6889, Code 1907, must affirmatively appear of record before the treasurer can be required by mandamus to pay such officer's fees.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. McCORVEY.

Mandamus by the State, on the relation of B. H. Stallworth, as sheriff, and another against D. D. Mims, as county treasurer of Monroe county. Judgment for relators, and respondent apeals. Modified and affirmed.

It is alleged that in several cases named, wherein it is sought to have the fees paid, defendants were convicted, and that the executions issued against the several defendants have been returned indorsed, "No property found"; that these convicts have been leased by the county, and the proceeds, which have been duly apportioned, were insufficient, under the pro rata distribution prescribed by law, to pay more than 57¾ per cent.

of the total amounts of the costs in each of the said cases; that 42½ per cent. of their fees in each case re-. mains unpaid; that the respondent treasurer has refused upon request to register their said fees as claims against the fine and forfeiture fund of the county, and that he has refused their demand for payment thereof. In the answer to the rule nisi and the agreed statement of facts upon which the case was submitted for trial the material averments of the petition were established, and it further shows that the fees claimed in these cases to which this appeal relates (numbered from 21 to 32) were presented to respondent for registration within 90 days after the respective defendants were convicted and sentenced. The petition contains the general prayer for relief. The trial court issued a peremptory writ commanding respondent to register and pay claims numbered 21 to 32, and denied relief as to all others, and the respondent appeals.

BARNETT & BUGG, for appellant. The court should have denied the writ of mandamus prayed for in this case.—Sec. 6889, Code 1907; Local Acts 1898-9, p. 581; 124 Ala. 102.

HYBART & HARE, for appellee. The court properly granted the mandamus and its judgment should be affirmed.—*Gray v. Abbott,* 130 Ala. 322; secs. 6890-6892, Code 1907.

SOMERVILLE, J.—Under section 6889 of the Code the fees of court officers in cases "in which defendants have been convicted, and have been proved insolvent by the return of executions, 'No property found,' " must be paid by the county treasurer out of the fine and forfeiture fund of the county, provided there shall at any

time be a surplus of such fund "over and above the sum required to pay the registered claims of state witnesses." Notwithstanding the quoted condition to their payment, we think it clear that such officers' fees become charges against the fine and forfeiture fund, not immediately upon the rendition of the judgment of conviction in such case, but upon the return of an execution against the defendant, "No property found," and only then are they entitled to registration as such. By Local Acts 1898-99, p. 581, it is provided, with respect to Monroe county, that all claims against this fund "must be filed * * * with the county treasurer within three months from the time said claim became a charge against the fine and forfeiture fund, and when not so filed the same shall be forever barred." The fees as to which relief was granted were presented for registration within the time limited by this act, and thereby became lawful charges against that fund, and payable in the order of their presentation whenever the special surplus appeared.

However, neither the pleading nor the proof showed that there was such a surplus of the fine and forfeiture fund in the treasury. The existence of that fact was the sine qua non of payment failing which the court had no authority to order payment. This court has held that it is a matter which must affirmatively appear of record in order to sustain a judgment against the treasurer for damages for refusal to pay such claims. —*Bilbro v. Drakeford,* 78 Ala. 318. In a mandamus proceeding the rule must be the same.

The fact that the claims have been paid in part by the proceeds of the convicts' labor is no bar to the assertion of the claims, in any legal way, to the extent that they remain unpaid.—*Gray, Treasurer, v. Abbott,* 130 Ala. 322, 30 South. 346. And against double pay-

[State, ex rel. City of Mobile v. Board of R. & R. Com. of Mobile Co.]

ment the county is fully protected by sections 6890 and 6892 of the Code. We therefore hold that the trial court properly ordered respondent to register the claims in question, but that the order to pay them was without authority and erroneous.

The judgment will be corrected by striking out the order for payment, and, as corrected, will be affirmed, with an equal division of the costs of this appeal.

Affirmed. All the Justices concur, except DOWDELL, C.J., not sitting.