(92 South. 81)

### WILSON, County Treasurer, v. ACUFF.
### (6 Div. 994.)

(Court of Appeals of Alabama. Dec. 20, 1921.)

1. Mandamus ⚖➝106—Proper remedy to compel payment by disbursing officer from fund appropriated therefor.

Mandamus is proper remedy to compel payment out of specific fund appropriated and set aside for the purpose, the disbursing officer on demand refusing to make payment.

2. District and prosecuting attorneys ⚖➝5(6) —Solicitor of law and equity court of Walker county has status of circuit solicitor, as regards right to payment of fees from county fund.

Under Acts 1900–01, p. 118, § 25, declaring the duties and compensation of the solicitor of the law and equity court of Walker county created by the act, he has the status of a circuit solicitor as regards right, under Code 1907, § 6889, to have his fees paid out of the fine and forfeiture fund of the county.

3. District and prosecuting attorneys ⚖➝5(6) —Circuit solicitor entitled to payment of fees from county fine and forfeiture fund.

A circuit solicitor not paid a salary, and so the solicitor of the law and equity court of Walker county, created by Acts 1900–01, p. 107, being an officer of the court, is entitled, under Code 1907, § 6889 (section 6890, and other conditions being complied with), to have the balance of his fees for a prosecution over what was paid by work of the convicted defendant, paid from the county fine and forfeiture fund, such defendant being properly proved insolvent by return of execution.

---

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Mandamus by J. D. Acuff, as Solicitor, against Grady Wilson, as Treasurer, to require the payment of solicitor's fee out of the fine and forfeiture fund of the county. From a decree granting the writ, respondent appeals. Affirmed.

J. M. Pennington, Leo H. Pou, and W. F. Finch, all of Jasper, for appellant.

Mandamus was granted only when there is a clear, specific, legal right. 16 Ala. App. 670, 81 South. 190; 69 Ala. 261; 71 Ala. 427; 123 Ala. 259, 26 South. 482, 45 L. R. A. 772; 36 Ala. 252. An officer claiming fees or costs must point to a clear and definite law authorizing it. Section 6631, Code 1907; 131 Ala. 145, 30 South. 453; 124 Ala. 103, 27 South. 215; 109 Ala. 162, 19 South. 503; 3 Ala. App. 511, 57 South. 260. The law often imposes duties for which it provides no compensation. Authority supra. The law does not authorize payment out of this fund unless the same has been taxed and collected. Acts 1900–01, p. 1188; section 7792, Code 1907.

Lacy, Lacy & Shepherd and Bankhead & Bankhead, all of Jasper, for appellee.

The solicitor was entitled to collect his fee, and mandamus was his remedy. 179 Ala. 633, 60 South. 925; 130 Ala. 322, 30 South. 346; 180 Ala. 511, 61 South. 811; section 6889, Code 1907.

MERRITT, J. The petition, addressed to the circuit court of Walker county, seeks a writ of mandamus against the respondent Wilson, as treasurer of Walker county, directing the respondent to pay the claim of petitioner for solicitor's fees out of the fine and forfeiture fund of said county.

The facts alleged in the petition and admitted by the respondent are these: That the petitioner was, in 1915, solicitor of the Walker county law and equity court; that during his term a certain named defendant was tried, convicted, fined, and taxed with costs including $10, solicitor's fee; that, being hired out by the hard labor agent of the county, the defendant earned a part of the cost taxed against him, $3.10 of which was apportioned as solicitor's fees and paid to the petitioner; that thereafter an execution against the respondent was returned "No property found;" that the petitioner (in compliance with section 6890 of the Code) verified his claim for the balance due and registered it with the county treasurer; that the fine and forfeiture fund of the county is sufficient (within the provision of Code, § 6889) to pay said balance; that demand has been made upon said treasurer for the payment of said balance, which the respondent has declined.

[1-3] The only questions presented are, first, the propriety of the remedy sought, and, second, the right of the petitioner to be paid out of the fine and forfeiture fund. We decide none other. We think the case of Wyker v. Francis, 120 Ala. 520, 24 South. 895, is conclusive as to the propriety of mandamus in this case. It was there said:

"It is thoroughly and well-settled law that where payment is sought out of a specific fund appropriated and set apart for that purpose, mandamus is the proper remedy to compel payment, on refusal by the treasurer or other disbursing officer, upon demand made for payment."

On this proposition the decisions are in harmony.

By Code, § 6889, it is provided that:

"Whenever there shall be a surplus of the fund arising from fines and forfeitures in the county treasury of any county, over and above the sum required to pay the registered claims of state witnesses, the county treasurer of such county must pay the fees of the officers of court arising from criminal cases * * * in which defendants have been convicted, and have been proved insolvent by the return of executions 'no property found,'" etc.

Section 6890 provides for the verification of claims by officers.

By Acts 1900, 1901, p. 107, the law and equity court of Walker county was created, with all the powers and jurisdiction of circuit courts, and there is patent in the act a purpose to subject the operation of this court, except in the instances particularly treated, to the general laws applicable to circuit courts. The only reference to fines, costs, etc., is that provision in section 8 of the act laying a special item of cost and directing its payment into the general fund of the county. By section 25 of the act, a solicitor is provided, whose duties shall be the same as those of circuit solicitors, and whose compensation shall be the fees provided by law for solicitors in criminal cases in the circuit courts, to be taxed and collected in the same manner as taxed and collected in the circuit courts, and paid to such solicitor instead of to the state.

We think that, for the purposes of this case, the solicitor of the law and equity court of Walker county had the status of circuit solicitors. This being true, it follows that, if a circuit solicitor, not paid a salary, comes within the contemplation of Code, § 6889, that is, entitled to have his fees in proper cases paid from the fine and forfeiture fund—the petitioner here, as the solicitor of the law and equity court of Walker county is so entitled. The provision of the statute, section 6889, is that the treasurer pay the fees of officers of court, where the funds arising from fines and forfeitures leave a surplus over fees of state witnesses. The solicitor being an officer of the court, he is

entitled to have his fees paid out of the fine and forfeiture fund the other conditions being present.

In this case it is without dispute that a surplus over fees due state witnesses exists in the fine and forfeiture fund of Walker county; and the fee claimed comes within the purview of section 6889, viz.: solicitor's fee, in a case in which the defendant has been convicted and has been proved insolvent by the return of execution "No property found." Having itemized and verified his claim, less the amount paid thereon, the petitioner complied with section 6890 of the Code.

Appellant cites some cases to the effect that duties may be required of an officer for which no compensation is provided, and that, in such cases, no general liability attaches to the county or state, as the case may be, for such compensation—this on the principle that the officer takes the office cum onere. And it is urged that the petitioner having received a part of his compensation, all that was yielded by the labor of the convicted party, he cannot complain. With the principle announced in the authorities cited we find no fault, save that in this case they are inapt; they have reference to and deal with cases in which no mode of compensation is provided. But the statute, section 6889, is designed to relieve at least some officers from the rather harsh rule of service without reward; and, as we have shown, petitioner comes within that statute's terms. Nor is it of any consequence that petitioner has received a portion of his fees from another source than that provided by the statute. Mims v. Stallworth, 180 Ala. 511, 61 South. 811.

In view of the above, the petitioner was due to have the peremptory writ against the respondent treasurer; and the action of the circuit court in so ordering is affirmed.

Affirmed.