147 So. 651

**ISBELL NAT. BANK v. BURK.**

**7 Div. 946.**

Court of Appeals of Alabama.
April 11, 1933.

Marion H. Sims, of Talladega, for appellant.

Merrill, Allen, Jones & Whiteside, of Talladega, for appellee.

RICE, Judge.

The question, the answer to which is decisive of this appeal, is, we think, fairly stated in brief filed here on behalf of appellee, as follows:

"Where a county convict, sentenced to hard labor for the county for fine and costs, is turned over to the State Board of Administration, under the provisions of Acts of 1927, page 52; where judgment was duly rendered against the convict, and execution is issued and returned 'no property found;' and where the said State Board pays to the county officers the items of cost set forth in Section 3667, Code of Alabama, as provided in said Act of 1927, are the additional items of cost in such convict's case, provided by law to be paid to county officers and not provided to be paid by said State Board, a proper charge against the fine and forfeiture fund of the county?"

The learned nisi prius judge by the award, etc., of the writ of mandamus prayed by petitioner, appellee, answered said question in the affirmative. And we think correctly so.

It being admitted that the claim set up in petitioner's (appellee's) petition was one in which "all the provisions of law were complied with to entitle him to registration and payment of his claim from the fine and forfeiture fund, in event the claim is a *proper charge* (italics ours) against said fund," it would seem to us that Code 1923, § 3671 is conclusive of the issue raised. But see Code 1923, § 4039, as amended by Act approved February 18, 1927 (Gen. Acts Ala. 1927, p. 45); citations contained in the *question* we have quoted; Biennial Report Attorney General of Alabama (1928–1930) p. 255; Id., p. 537; Gray, Treas., v. Abbott, 130 Ala. 322, 30 So. 346; Mims, Treas., v. Stallworth, 180 Ala. 511, 61 So. 811.

The judgment awarding the writ, etc., is affirmed.

Affirmed.