155 So. 636

**STATE ex rel. HOLCOMBE v. STONE,**
**County Treasurer.**

**1 Div. 161.**

Court of Appeals of Alabama.
May 8, 1934.

Rehearing Denied June 5, 1934.

George A. Sossaman and V. R. Jansen, both of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

SAMFORD, Judge.

The petitioner is sheriff of Mobile county and he files this petition against George E. Stone, treasurer of said county, to compel him as treasurer, to pay to him as sheriff, numerous fees of $1 each for and on account of the execution of various search warrants as provided by section 3741 of the Code of 1923. It is made to appear by the pleadings that petitioner also claimed and was paid numerous fees of $3 in the same cases in which he now claims the additional fee of $1, the $3 fees being claimed and paid under section 4768 of the Code of 1923.

The controlling question in this case is whether petitioner is entitled to a fee of $3 and a fee of $1, in each case where a search warrant is issued and served by him.

Article 11 of chapter 167 of the Code of 1923 (section 4740 et seq.) provides for forfeiture and destruction of contraband liquor and other property and may be designated as a penal statute in rem. In aid of the enforcement of section 4740, section 4741 provides for the issuance of search warrants; section 4742 names the officer who may issue such warrants; sections 4743 and 4747 provide a form and contents; section 4744 designates the officer by whom the search warrant must be executed. Following in minute detail are provisions for the seizure, trial, and disposition of such contraband liquors or property as may be found and brought into court under the search warrant. Section 4768 makes an allowance of $3 to the officer making the seizure under the warrant. The above is set out to show that a proceeding for the seizure and confiscation of contraband liquors and property is entirely separate and apart from the body of the criminal law in force and effect at the time of the enactment of section 3741, Code 1923, relating to search warrants in criminal cases.

While the law providing for the seizure and destruction of contraband liquors and property partakes of the criminal law, it also involves the rights of property and to that extent partakes of the civil law as well. It is a penal proceeding in rem, carries its own provisions for enforcement, and provides fees for officers executing process under it. The petitioner was entitled to the $3 in each of the cases in which he executed search warrants under and by virtue of section 4768. He is not entitled to the fee of $1 in each of such cases under section 3741 of the Code of 1923.

It becomes unnecessary to pass upon other questions presented as in no event is petitioner entitled to recover.

The judgment is affirmed.

Affirmed.