157 So. 452

## STATE ex rel. HOLCOMBE v. STONE, County Treasurer.

### 1 Div. 160.

Court of Appeals of Alabama.
June 5, 1934.

Rehearing Denied Oct. 2, 1934.

Geo. A. Sossaman and V. R. Jansen, both of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

BRICKEN, Presiding Judge.

According to the record filed in this cause, William H. Holcombe, Jr., is the sheriff of Mobile county, Ala., and George E. Stone, appellee, is the treasurer of said county.

On September 12, 1933, a petition for mandamus by the state of Alabama, on the relation of William H. Holcombe, Jr., as sheriff aforesaid, was filed in the circuit court of said county against George E. Stone, as treasurer of said county, to compel the registration of a claim amounting to $246, in favor of said sheriff, for fees alleged to be due said sheriff under section 4768 of the Code of Alabama 1923.

Demurrers were filed to the petition as amended, challenging the right of said sheriff to maintain his petition against said treasurer upon the grounds set forth in said demurrer.

The appellant, as appears from the allegations of the petition, while acting as sheriff of Mobile county, executed a large number of search warrants for the seizure and destruction of contraband liquor. Article 11, chapter 167, of the Code of Alabama 1923, deals with forfeiture and destruction of contraband liquors, and other property involved therewith, and section 4768 of this article of the Code expressly provides that there shall be allowed to the officer making the seizure under a search warrant the sum of $3, and also the sum of $2 for every day that such officer shall necessarily be employed in attending court for the purpose of causing liquors seized to be condemned, and the sum of 10 cents per mile for each mile he shall travel in executing the writ, together with such reasonable sum as the court may deem just for necessary expenses incurred in transporting and providing storage for liquors and vessels seized. This section further provides that all of the above cost shall be taxed in the bill of costs and if not collected from the defend-

ant, or defendants, shall be taxed and paid as in criminal prosecutions in which the state fails, upon the court or judge, or justice making an order to that effect.

Under this section of the Code the sheriff of Mobile county made a claim for the sum of $1,317, for fees alleged to be due him under the above section of the Code, which claim was duly itemized, and which on the 27th day of May, 1932, was allowed by the judge of the inferior court of Mobile county, Ala., who ordered that said claim should be paid as in criminal prosecutions in which the state failed.

The payment of costs taxed in cases in which the state fails is governed by section 4039 of the Code of Alabama 1923 as amended by Gen. Acts 1927, pp. 45, 46, which section provides, among other things, that whenever there shall be a surplus of the funds arising from fines and forfeitures in the county treasury of any county, over and above the sum required to pay the registered claims of state witnesses, the county treasurer of such county must pay the fees of the officers of court arising from criminal cases in which the defendant is not convicted, and the costs are not imposed on the prosecutor out of the surplus of the funds arising from fines and forfeitures in the county treasury.

Under the act of the Legislature approved December 3, 1890 (Gen. Acts of Alabama, 1890–91, p. 9), the fine and forfeiture fund of Mobile county was consolidated with the general fund. By section 2 of this act it is provided that all claims then existing, or which might thereafter accrue, which, by law, were charged against the fine and forfeiture fund of said county, should be paid out of the treasury of the county.

■■ The claim of the sheriff for the sum of $1,317 for fees due him under section 4768 of the Code was allowed and ordered to be paid on May 27, 1932, by the judge of the inferior court of Mobile county, and on that day said claim for said sum of $1,317 became a charge against the treasury of Mobile county and payable in the order of its presentation. Mims, Treas., v. State ex rel. Stallworth, Sheriff, 180 Ala. 511, 61 So. 811. The fact that this claim has been paid in part out of the treasury of Mobile county did not bar, or preclude, the sheriff from presenting said claim for the balance due thereon to the treasurer of Mobile county and having the same registered for the unpaid balance in a legal way. Mims, Treas., v. State, supra. Gray, Treasurer, v. Abbott, 130 Ala. 322, 30 So. 346.

 Claims for fees, arising under section 4768 of the Code, are not such claims as must be audited and allowed by the board of revenue and road commissioners of Mobile county. These claims are for fees, taxed as costs, and are audited and allowed and ordered to be paid by the judge of the court in which such costs are taxed. In the case at bar these costs accrued in the inferior court of Mobile county, and were ordered to be paid by the judge of that court, who had authority to make the order. Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112. We, therefore, hold that the trial court erred in sustaining the demurrer to appellant's petition, and because of this error this cause must be reversed.

Reversed and remanded.