157 So. 454

**STATE ex rel. HOLCOMBE v. STONE,
County Treasurer.**

**I Div. 839.**

Supreme Court of Alabama.
Nov. 1, 1934.

Gordon, Edington & Leigh, of Mobile, for petitioner.

---

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Geo. A. Sossaman, of Mobile, for respondent.

**ANDERSON, Chief Justice.**

The claim here involved arose out of fees charged under section 4768 of the Code of 1923, which reads as follows, to wit: "Allowance for officers attending and prosecuting condemnation proceedings; how taxed and paid.—There shall be allowed the officer making the seizure under a search warrant the sum allowed by section 4704, of three dollars, and also the sum of two dollars additional for every day that such officer shall necessarily be employed in attending court for the purpose of causing liquors seized to be condemned, and the sum of ten cents per mile for each mile he shall travel in executing the writ, together with such reasonable sum as the court may deem just for necessary expenses incurred in transporting and providing storage for liquors and vessels seized; all such costs shall be taxed in the bill of costs, and if not collected from the defendant or defendants, shall be taxed and paid as in criminal prosecutions in which the state fails, upon the court or judge or justice making an order to that effect."

Upon a failure to make the cost and fees, they become a charge against the fine and forfeiture fund upon an order of the judge or magistrate. Here, against the general fund of Mobile county because of a consolidation or merger of the fine and forfeiture fund into the general fund. County of Mobile v. Powers, 103 Ala. 207, 15 So. 642.

The items mentioned in section 4768 of the Code, being specific as to service and amount and subject to the approval and order of the trial judge, did not have to be presented to the board of revenue for audit and approval as required by section 224 of the Code. Board of Revenue of Montgomery County v. Southern Bell Telephone & Telegraph Co., 200 Ala. 532, 76 So. 858. Of course, the approval and order of the trial judge would not be conclusive on the county as to charges not authorized by law. Board of Revenue of Montgomery County v. Southern Bell Telephone & Telegraph Co., supra.

The main question involves a construction of said section 4768 of the Code; that is, whether the sheriff is entitled to a charge of $2 for attending court and looking after the prosecution in each case, or only $2 a day when more than one case is set for or tried the same day. True, the statute does not specifically say $2 in "each case," but it does provide for the taxation of same as cost in each case and, from aught appearing, it was so taxed in each case, as found by the trial judge, and for which each defendant was liable, and, if not collected from him, became a charge against the fine and forfeiture fund or a charge against the general fund in counties like Mobile where the funds have been consolidated.

The sheriff does not attend court as an ordinary witness, as covered by section 3770 of the Code, but for the purpose of not only testifying, if need be, but looking after the prosecution generally.

Writ denied.

All Justices concur.