171 So. 366

STATE ex rel. HOLCOMBE, Sheriff, v.
STONE, County Treasurer.

I Div. 934.

Supreme Court of Alabama.
Dec. 17, 1936.

W. C. Taylor, of Mobile, for appellant.

244

Gordon, Edington & Leigh, of Mobile, for appellee.

FOSTER, Justice.

This cause was here on former appeal from judgment which sustained demurrer to the petition. 232 Ala. 16, 166 So. 602. There were only two questions considered: (1) Whether the remedy was appropriate; and (2) whether justices of the peace had jurisdiction to issue search warrants and try condemnation proceedings under the prohibition law of Alabama, although by a local law they otherwise only exercised civil jurisdiction. In those two respects the petition was held to be sufficient.

On the trial of the case on answer, the circuit court granted the prayer as to $2,646.15, but disallowed the balance. The amount disallowed is said to be the aggregate of items in the statement under the heading "Service of Notice and Subs." The amount was $1.50 in some cases, and $1 in others. The contention was made and sustained by the trial court that, because section 4768, Code, makes provision for the items of $3 and $2 referred to, and mileage, haulage, and storage, no other items of cost may be collected by the sheriff out of the county.

The fine and forfeiture fund of Mobile county was abolished by Acts 1890–91, p. 9. But only claims of officers, properly chargeable against the fine and forfeiture fund, are payable out of the general fund by virtue of that Act. Cabler v. Mobile County, 230 Ala. 118, 159 So. 692.

Section 4039, Code, as amended by Acts 1927, pp. 45, 46, prescribes that the fees of certain officers are so chargeable, and the conditions on which they are payable. Section 4040, Code, applies to the manner of preparing the claim. It requires that the officer so asserting the claim shall "make a statement under oath of the amount of such fees due them respectively, setting out the style of each case and the term at which judgment was rendered."

Section 4768 relates directly to cases of the sort here under consideration, and provides that the costs set out in it, on conditions named, "shall be taxed and paid as in criminal prosecutions in which the state fails, upon the court or judge or justice making an order to that effect."

■ As we interpret those statutes, they mean that the court must make the order indicated as a showing that the costs were "not collected from the defendant or defendants" (section 4768), and that the officer must then make the sworn statement specified in section 4040, and his claim must be that of such officer, as is stated in sections 4039, as amended, and 4768.

The statement presented in this suit was not sworn to, did not give the style of the case in which the fee arose, and was not fully itemized, especially the items under "Service of Notice and Subs." We do not find a provision of law that a certified statement made by the justice of the peace takes the place of that required by section 4040. And while the justice in his certificate declared that the costs "shall be paid as in criminal prosecutions in which the State fails," it is not otherwise made to appear that he made an order to that effect. Section 4768. The statement signed by the sheriff, with the cost items certified by the justice of the peace attached, were exhibits to the petition, and in that form were offered in evidence. The treasurer did not decline to pay or register them because they did not comply with section 4040, or because the justice had not made the order required by section 4768, but because of a want of jurisdiction of the justice of the peace in such matters, and the demurrer to the petition and objection to the certifi-

cates were not predicated on a failure to comply with section 4040, though there is a ground of demurrer that section 4768 was not complied with, and defendant on the trial made known to the court that he expected to show that no such orders were made. Appellee assigns no errors here.

On the trial the court made it clear that the amount allowed did not include the item of fees for notices and subpoenas, but did allow the other claims. That is the question counsel have treated, and no consideration is given to other questions. We have referred to them so that we may say that they are not involved, and are not considered.

■ The sheriff has the duty to execute the search warrant issued under section 4741 (see sections 4744, 4747, 5475, 5477). It has heretofore been held that he is entitled to $3 for executing the warrant (State ex rel. Holcombe v. Stone, 26 Ala. App. 187, 155 So. 636, Id., 229 Ala. 88, 155 So. 637), and $2 a day for every day he is necessarily employed in attending court for the purpose of causing liquors seized to be condemned; that the $2 per day is for each case regardless of the number heard in one day. State ex rel. Holcombe v. Stone, 229 Ala. 357, 157 So. 454.

It is said in that opinion that he does not merely attend as an ordinary witness, but for looking after the prosecution generally. In State ex rel. Holcombe v. Stone, 26 Ala.App. 187, 155 So. 636, 637, the Court of Appeals, in referring to the article of the Code now under consideration, observed: "It is a penal proceeding in rem, carries its own provisions for enforcement, and provides fees for officers executing process under it."

■ True, that case was only dealing with the sheriff's fee for executing the search warrant as provided in section 4768, Code, and is not an authoritative statement as applied to the question now under consideration. While so, we think it is true as so applied. Section 4768 seems to be thus limited in terms, in so far as its benefits are conferred. Such costs there mentioned are expressly stated to be those which are referred to. It is very liberal in allowing a fee of $3 for executing that sort of a search warrant, instead of $1, the ordinary fee under section 3741, Code, and of $2 per day in each case during trial for looking after the prosecution, and a liberal allowance for mileage, haulage, and storage of the liquor seized. We think those fees were also intended to cover all the incidental services needed to be done by the sheriff in executing the writ and preparing for the trial, as well as during the trial. While it may be that it is contemplated that the sheriff shall serve the notices required by section 4755, Code, we think that the statute was intended to provide for all the fees and allowances to be paid him in such cases by the county, as when the state fails in criminal prosecutions. There must be a clear and definite provision of law for the fee under a strict construction against its allowance. Section 7255, Code; Troup v. Morgan County, 109 Ala. 162, 19 So. 503; Torbert v. Hale County, 131 Ala. 143, 30 So. 453; State ex rel. Holcombe v. Stone, 232 Ala. 16, 166 So. 602.

Section 4768 makes no reference to the fees of the justices of the peace. And while we have held that those fees are not payable out of the fine and forfeiture fund under section 4039, as amended, or the general fund of Mobile county, under the Act of 1890–91, we do not wish to make a holding further as to such claims which would be a limitation. Section 4761.

It is our judgment that the trial court correctly interpreted the statute in this connection.

■ The costs were taxed by the trial court against appellant, and he is also here complaining of that. He lost in a material respect, and in such cases the taxation of cost is largely in the discretion of the trial court. Section 7221, Code. When proceedings of an extraordinary nature are directed against a public officer in his official capacity, in which there is a bona fide dispute as to his official duty, it is not customary nor appropriate to tax him with the costs, though he loses in the contention. State ex rel. Bryan v. McDuffie, 52 Ala. 4; Salter v. Ivey, 34 Ala. 557; Reynolds v. Blue, 47 Ala. 711; Roberts v. Bright, 222 Ala. 677, 133 So. 907.

We think appellant was not prejudiced by the judgment of the court.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.