173 So. 63

**STONE, County Treasurer, v. STATE ex rel. HOLCOMBE.**

I Div. 955.

Supreme Court of Alabama.

March 11, 1937.

Leo Berman, of Mobile, for appellee.

Gordon, Edington & Leigh, of Mobile, for appellant.

FOSTER, Justice.

This cause has been in the Alabama Court of Appeals and reviewed by this court on certiorari. 26 Ala.App. 226, 157 So. 452-454.

On that appeal the question chiefly considered as to the merits of the controversy was whether the sheriff had a right under section 4768, Code; to a fee of $2 for each case whose trial he attended in a day, or whether he was entitled to $2 per day, regardless of the number of cases. The judgment on those appeals established his right to a fee of $2 in each case. On remandment of the cause an amended petition was filed and heard.

It appears that one claim in the aggregate sum of $1,317 was presented to the board of revenue of Mobile county, and a warrant was issued for $1,071, leaving a balance of $246. We might here add that there was no occasion to present it to the board of revenue. Former appeal, supra. Relator then presented to the respondent as treasurer the warrant and claim as filed with the board of revenue, for payment or registration of the warrant and of the balance of the claim of $246. The warrant was registered, but the balance of the claim was denied—it is alleged because it is the amount of the $2 per day in each case. No contention is made that the claim is not prepared and verified as required by section 4040, Code. It is therefore waived. Sessions v. Boykin, 78 Ala. 328; State ex rel. Holcombe v. Stone, ante, p. 243, 171 So. 366.

But the county officers cannot by any waiver or special objection make a claim legal when the amount of it is not authorized by law. In order to justify the payment of a claim, it must be one required

by law to be paid.  Board of Revenue v. Southern Bell Tel. & Tel. Co., 200 Ala. 532, 76 So. 858.

The amount claimed included fees for serving notices and subpœnas, the amount of which was approximately equal to the balance now claimed.  No separate claim was made, as manifested by the documents, of the amounts of the separate columns representing different fees.  But they show a claim for the sum of $1,317, to which was attached an itemized statement certified by the trial judge.  There were three columns.  They each represented fees for different services, but all aggregated $1,317.  There was no separate claim for each sum representing the different services.  Nothing in the documents shows for what services the balance of $246 is claimed.

It does not matter what was said by the clerk of the board of revenue as a reason for not issuing a warrant for it, nor by the treasurer for not registering or paying it.  If the claim as presented contains an amount of items for fees not authorized by law, the balance remaining unpaid will by law be treated as representing such items, regardless of how the amount of such balance may have been calculated or the reasons assigned by the officers for not paying it.  The officers cannot by their contracts or conduct bind a county except as authorized by law.  Escambia County v. Dixie Chemical Products Co., 229 Ala. 287, 156 So. 631.

The balance of $246 is, as we calculate it, a few dollars more than the aggregate of fees for serving notices and subpœnas.  Such fees may not be collected out of the county.  State ex rel. Holcombe v. Stone, ante, p. 243, 171 So. 366.  We think there was therefore error in ordering full payment of the $246.

We prefer not to determine the exact status of the claim, but reverse and remand it, so that the court will not include in the amount ordered to be paid a sum equal to the total of the items for serving notices and subpœnas contained in the statement aggregating in all $1,317, of which there is unpaid a balance of $246.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.