# State, *ex rel.* State Tax Commission *v.* Smith, Auditor.

## *Mandamus.*

(Decided June 30, 1914.   66 South. 61.)

1. *States; Appropriation; Limitation of Amount; Items Included.*— Construing sections 2216, 2218 and 2222, and Acts 1911, p. 146, in the light of section 71, Constitution 1901, it is held that the salaries of the three members and of the secretary of the State Tax Commission are payable out of the state treasury in the same manner as are the salaries of other state officers, and that they are not payable out of the $25,000.00 appropriation for said department.

2. *Same; Appropriation Bills; Construction.*—While appropriation bills should be construed without liberality towards those claiming their benefits, they should not be so strictly construed as to defeat the manifest objects of the bill.

(Sayre, Somerville and Gardner, JJ., dissenting.)

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Petition by the State Tax Commission of Alabama for mandamus directed to the State Auditor to require him to cease drawing his warrant in paying salaries of the members and secretary of the commission against the fund of $25,000 appropriated by section 2222, Code 1907, but to draw and charge said salary account against the general fund not otherwise appropriated, and to direct the Auditor to draw his warrant against said above-named sum only for the payment of expenses other than the salaries of the commissioners and their secretary. From a decree sustaining demurrers to the petition, petitioners appeal.   Reversed and remanded.

R. C. BRICKELL, Attorney General, FORNEY JOHNSTON and HENRY P. WHITE, for appellant.   Sections 2216 and 2218, Code 1907, require the salary of the members of

[State, ex rel. State Tax Commission v. Smith, Auditor.]

the board and the secretary thereof to be paid out of the state treasury as other salaries are paid, while section 2222, Code 1907, provides for the expenses incident to the administration of the affairs of the board, and has reference to salaries.—*State ex rel. Troy v. Smith,* in MSS.; *People v. Ball,* 4 Cal. 177; *State ex rel. Mobile v. Stone,* 69 Ala. 206; *State ex rel. Brickman v. Wilson,* 123 Ala. 259; *Sessions v. Boykin,* 78 Ala. 328; § 71, Constitution 1901; *Riggs v. Brewer,* 64 Ala. 282; *Reynolds v. Taylor,* 43 Ala. 420; *Nichols v. Comptroller,* 4 S. & P. 154.

RUSHTON, WILLIAMS & CRENSHAW, for appellee. Section 2222, Code 1907, was not amended by the general appropriation bill of 1911, and said section provides the entire appropriation for the salaries and expenses of the department.—*Reynolds v. Taylor,* 43 Ala. 420; *Riggs v. Brewer,* 64 Ala. 282; *Nichols v. Comptroller,* 4 S. & P. 154; Acts 1911, p. 146. This section limited the entire appropriation for the commission, regardless of the wording of sections 2216 and 2218, Code 1907.—*State v. Bracken,* 154 Ala. 151; 60 L. R. A. 161; 88 Fed. 588; 83 N. E. 350; 87 N. E. 79; 12 Ga. 526; 77 Ill. 610.

DE GRAFFENRIED, J.—Article 10 of the Code of 1907 (sections 2210 to 2267 of said Code) creates the state tax commission, fixes the number of commissioners, the manner of their selection, their terms of office, their salaries, and the salary of their secretary. In this chapter the various duties and powers of the commission are enumerated, provision is made for the expenses of the commission, including the expenses of their secretary, and the wages paid stenographers, engineers, experts, and assistants. Sections 2219 and 2220 of the Code deal with these particular items of expense, and

fix the limits beyond which such items of expense shall not go.

An examination of the article and cognate acts of the Legislature will disclose that the commissioners, as general supervisors of the matter of state taxation, are invested with large powers, and are charged with the performance of various and important duties which must necessarily entail upon the commission various expenses for which no express provision ab ante can be made. Section 2222 of the Code provides that: "The entire appropriation for the commission, together with every item of expense allowed therefor, shall not exceed in any one year the total sum of twenty-five thousand dollars, which sum, or as much thereof as may be necessary, is hereby appropriated annually."

1. The trial judge was of the opinion that the salaries of the three members of the commission and of the secretary of the commission are chargeable against said sum of $25,000 provided for in above-quoted section 2222 of the Code. We do not think that, when section 2222 of the Code is read in connection with the other sections of the article of the Code to which it belongs, said section should be given such construction. We think that the Legislature, in said article and in the general appropriation bill which was adopted in 1911, has indicated that it intended the appropriation of $25,000 to be treated as a fund placed by the state at the disposal of the commission for the purpose of enabling them to meet, as they may arise, the various important duties which they are by the law required to perform. The salaries of the members of the commission are fixed definitely by section 2216, and there is in said section an express provision that their salaries "shall be paid out of the state treasury in the *same manner as the salaries of other state officers are paid.*" The commissioners, therefore,

under the plain language of the statute, are put, in so far as their salaries are concerned, upon the same footing as other officials of the state who are paid fixed salaries. Section 2218 provides that: "The commission may appoint a secretary at a salary of not more than eighteen hundred dollars per annum, which salary shall be paid in the same manner as salaries of other State officials are paid."

*All other employees* and all the other expenses of the commissioners of *all sorts* are required to be paid by voucher *approved by the Governor*. As to the salaries of the members of the commission and the secretary, there existed no necessity for the Legislature to make appropriation other than was made for them in the section fixing the amount of the salaries. As to the matter of the expenses of the commission there was a wise reason for declaring a limit beyond which such expenses should not go.

2. It seems to us that the Legislature, in so far as the question now in hand is concerned, has been its own interpreter. In section 1 of the act of 1911, known as the general appropriation bill, we find the following:

"Be it enacted by the Legislature of Alabama, that the following sums of money, or so much of each sum as may be necessary, be and the same are hereby appropriated for the purpose hereinafter specified, to be paid out of any money in the state treasury, not otherwise appropriated, for the fiscal years ending, respectively, on the 30th day of September, 1911, 1912, 1913 and 1914, to wit:   *   *   *   (51) For compensation of the chairman of the state tax commission, three thousand dollars for each year; (52) for compensaion of the two associate members of the state tax commission, twenty-four hundred dollars for each year; (53) for compensation

of one secretary of the state tax commission, eighteen hundred dollars for each year."

Endlich on the Interpretation of Statutes says: "Where it is gathered from a later act that the Legislature attached a certain meaning to an earlier cognate one, this is to be taken as a legislative declaration of its meaning there."

While such legislative declaration is not conclusive as to the construction which should be given a statute, nevertheless, in providing in the manner above shown in the general appropriation bill of 1911 for the salaries of the members of the commission and the secretary, we think that the Legislature solved all doubt about the question we are considering and substantially declared that the salaries of the members of the commission and the secretary were not chargeable against the $25,000 provided for in section 2222 of the Code. Section 71 of the Constitution reads as follows: "The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools. The salary of no officer or employee shall be increased in such bill, nor shall any appropriation be made therein for any officer or employee unless his employment and the amount of his salary have already been provided for by law. *All other appropriations* shall be made by separate bills, each embracing but one subject."

It may be that the provision for the salaries of the members of the commission and the secretary was unnecessary; but, as the Legislature saw proper to provide for the payment of their salaries just as it provided for the payment of the salaries of all other public officials in the general appropriation bill and which is entitled "An act to make appropriations for the ordinary ex-

penses of the executive, legislative and judicial departments of the state, for the interest on the public debt and for public schools," we think that the Legislature, by the adoption of said general appropriation bill (General Acts 1911, pp. 146-152), indicated that, in the opinion of the Legislature, the salaries of the members of the commission and of the secretary were among the ordinary expenses for which special provision should be made in the customary general appropriation bills, and that it was not anticipated by the Legislature that such salaries were already provided for in the special appropriation of $25,000 created by said section 2222 of the Code of 1907, and which section appears in the Code under the title of "Limits of Appropriation for Expenses," etc.—*State ex rel. Daniel W. Troy v. C. B. Smith, as Auditor,* 187 Ala. 411, 65 South. 942.

A critical examination of the above-quoted section 71 of the Constitution will disclose that the Legislature is prohibited, by the express command of the section, from embracing in a general appropriation bill *anything* but "appropriations for the *ordinary* expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools." Under this same constitutional provision there is an express command also that: "The salary of no officer or employee shall be increased in such bill, nor shall any appropriation be made therein * , * * unless his employment and the amount of his salary have already been provided for by law."

In this same section there is also an express direction that: "All other appropriations shall be made by separate bills, each embracing but one subject.

It would seem, therefore, that when, in the general appropriation bill to which we have above referred, the Legislature made an appropriation for the salaries

of the commission and its secretary, it thereby construed said section 2222 of the Code of 1907—which provides a special appropriation—as not providing a fund out of which said salaries could be paid, and that therefore it was appropriate that such salaries should be provided for in the general appropriation bill.  If this be true, then it must follow that in the special appropriation provided in section 2222 of the Code the Legislature did not intend that such salaries should be included. Special appropriation bills are not necessary to provide for the salaries of the officers of the state, and the salaries of such officers are not usually so provided for. Special appropriation bills are necessary only when appropriations are made which cannot be provided for in the customary general appropriation bills.—*Woolf v. Taylor,* 98 Ala. 254, 13 South. 688.

We hardly think that it would be seriously argued, if the salaries of the commissioners had been decreased by the general appropriation bill of 1911, that such provision had not, in fact, operated upon such salaries in such a way as to affect their actual reduction during the four years in which this general appropriation bill was intended to operate.—*Riggs v. Brewer,* 64 Ala. 282.

It may be that the act of the Legislature, in providing for the salary of the secretary in the general appropriation bill, was, because the salary of such secretary is not fixed by the law, but by the commission itself, abortive.  This circumstance indicates that, as the act creating the office of secretary and providing for the payment to him of a salary not to exceed a certain limit, *as other officials are paid,* the Legislature regarded—perhaps erroneously, because of the above constitutional provision—his salary as being a salary which comes within the purview of the customary appropriation bill, and that its payment should be provided for in such bill.

The fact that the Legislature undertook in an abortive way to provide for the secretary along with the commissioners in the general appropriation bill adds strength to the proposition that the legislative understanding was that his salary had not been provided for in section 2222 of the Code, and that it was appropriate that legislative provision should be made therefor.  At any rate the Legislature of 1911 did not see proper to make any appropriation for the commission, but it did make appropriations for the salaries of the commissioners and the secretary.  The Legislature recognized, however, that section 2222 was still operative, and would continue to operate until repealed, and, as provision was specially made for the officers named in the general appropriation bill, it would seem that the Legislature of 1911 must have construed the named salaries as not being provided for in the special appropriation covered by said section 2222.  If this is not true, then the Legislature did an absurd thing when it included the named salaries in the general appropriation bill of 1911.

We are, in passing upon the point involved, not concerned with the question as to whether the creation by the Legislature of the state tax commission was or was not a wise legislative act.  The commission was created, and its various powers were conferred upon it, by the act under consideration and cognate acts for the purpose of placing in the hands of those who are called upon to execute our laws which concern the subject of taxation the authority to so equalize the burdens of taxation as to require each citizen of the state to pay into the state's treasury that toll which, from the character and amount of protection furnished to him by the state, the state has the lawful right to demand of him as a just equivalent for such protection.  Salaries are paid to public officials not so much as an equivalent for ser-

vices performed as for the purpose of enabling them, while in office and in the performance of public duties, to be relieved of the necessity of constant watchfulness for the necessities and comforts of life. Under the authority conferred upon the commission it may—and frequently must—meet exigencies and incur expenses for which the law cannot ab ante provide. The expense accounts of the commission, under the terms of the article to which we have above referred, are payable upon approval by the Governor, so long as any part of the $25,000 remains unexpended. The law requiring duties of the commission the expenses of which are left to the sound judgment of the commission subject to the approval of the Governor is operative upon the commission so long as there is any part of the $25,000 remaining in the treasury. It is clearly inferable from the article to which we have above referred that it is the legislative expectation that, when the occasion for the commission to act arises, the commission must act, provided there are funds in the treasury lawfully appropriated which it can use in meeting the situation which confronts it. If there are no funds subject to its control, then, of course, the commission becomes powerless to act. The Legislature recognized, when it created the commission, that discretion must, at times, even in the use of public funds, be lodged somewhere, and, subject to the approval of the Governor, who may, at pleasure, remove any or all of the commissioners, discretion has been allowed in the matter of its necessary expense account up to the limit of $25,000. The salaries of the members of the commission and of the secretary are not paid *in advance*. They are paid *monthly*, just as the salaries of other state officials are paid, and if their salaries are chargeable against the said $25,000, the commission, to meet some unforeseen exigency which its du-

ties under the law require it to meet, might, with the approval of the Governor, expend so much of said $25,-000 by the middle of some one year as to leave the members of the commission and the secretary without salaries for the balance of the year. This was not the purpose of the Legislature. It was the legislative purpose when this commission was created to treat the salaries of the members of the commission and the secretary just as the salaries of the Governor, the secretary of state, and all other public officials are treated, viz., as a part of the ordinary expenses of the state, and when, in section 2222 of the Code, the Legislature, under the title "Limit of Appropriations for Expenses," etc., declared that "the entire appropriation for the commission, together with every item of expense therefor, shall not exceed in any one year the total sum of twenty-five thousand dollars, which sum, or so much thereof as may be necessary, is hereby appropriated annually," it was dealing, not with the ordinary *expenses of the state,* but with that amount which the commission itself was authorized annually to expend, and which fund, in the opinion of the Legislature—as the amount is limited—is sufficient to meet all reasonable and necessary demands which may be made upon it. The state pays out of the treasury both items of expense, but one item is an item belonging to the ordinary expense of the state, and the other item is an item which belongs to the expenses of a separate department of the state government. Were we to hold otherwise, we would ingraft upon this commission a remarkable exception which the language of all the Code provisions relating to the subject and the above-quoted language taken from the general appropriation bill of 1911 cannot justify.

3. It is, of course, the rule shown by provisions in the Constitution itself that appropriation bills shall be

[State, ex rel. State Tax Commission v. Smith, Auditor.]

construed without liberality towards those who claim their benefits, but it is also the rule that they shall not be so strictly construed as to defeat their manifest objects. The present situation disclosed by the petition in this case indicates that the construction which was placed by the court below upon the bill tends seriously to cripple the effectiveness of the commission. The just apportionment of taxes in a growing state is a subject which challenges the talent of the most wise, and the commission, which has been raised by the law for the purpose of ultimately bringing all the taxpayers of the state within the actual operation of a system of equality, must, in the accomplishment of the purposes for which the commission was created employ counsel and other expert assistants and entail other expenses which no Legislature can foresee. Recognizing this, the Legislature, in the act amending section 2218 of the Code (Gen. Acts, 1911, p. 550) struck from said section the limitation of $3,000, leaving the amount to be paid by the commission to "experts, stenographers, engineers or assistants" to the sound judgment of the commission, subject to the approval of the Governor. The Legislature, in providing that the salaries of the commissioners and the secretary, should be paid as other salaries of state officials are paid, meant that those salaries should be paid in monthly installments, without limitations upon them just as the salaries of other state officials are paid, and it was not the intention that this commission, when confronted with the performance of a duty, should fail to perform it, because of a fear that if they did perform it they would be left without salaries. The expenses, the Legislature knew, must be paid, not monthly, but as they arise, and for that reason this fund, limited to $25,000 per annum, was appropriated to be used by commissioners, selected in a manner the Legislature

deemed wise, in their sound judgment, subject to the approval of the Governor, as the necessities of the state might require.

4. It follows from what we have above said that, in our opinion, the trial court committed reversible error in sustaining the demurrer to the petition of appellant.

The judgment of the trial court is therefore reversed, and the cause is remanded.to the court below for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur. SAYRE, SOMERVILLE, and GARDNER, JJ., dissent.