(87 South. 816)

## HENRY, County Treasurer, v. STATE ex rel. KEMP. (6 Div. 174.)

(Supreme Court of Alabama. Jan. 13. 1921.)

Sheriffs and constables ⊚⟹19—Deputy sheriff, keeping office at Bessemer, required to be a qualified elector residing therein.

Under Acts 1915,. p. 549 et seq., requiring the sheriff to maintain a branch office in charge of a bonded deputy at Bessemer, the deputy keeping office under appointment of the sheriff at Bessemer, at the time of his appointment and during his term, must be a qualified elector residing in the Bessemer jurisdiction, and one not so qualified or residing as provided by the act is not entitled to mandamus to compel the treasurer of the county to pay a warrant for his salary.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Application by the State of Alabama, on the relation of W. T. Kemp, for a writ of mandamus to compel M. V. Henry, as Treasurer of Jefferson County, to pay a warrant drawn on him by the Board of Revenue of said county as payment of salary of petitioner for the month of September, 1920. From a judgment granting the writ, respondent appeals. Reversed and remanded.

Relator alleges his appointment by the sheriff of Jefferson county as chief deputy sheriff of the Bessemer division, his services as such, and that the board of revenue of Jefferson county fixed his salary in the sum of $250 per month, and ordered a warrant drawn on the respondent in that amount in payment of his services for September, 1920, but the treasurer on demand failed and refused to pay said warrant. The respondent admits the fact set up in petition, but denies that relator is or has been a resident of Bessemer division, and also denies that he is or has been a qualified elector residing in said division.

Joseph R. Tate and John C. Morrow, both of Birmingham, and George Ross, of Bessemer, for appellant.

The statute directs the performance of a certain thing in a certain way, and it cannot be performed in any other manner. 36 Cyc. 1122, 1157; 44 Cent. Dig. § 273. Under the act (Acts 1915, p. 549) the appointee must be a resident of and a qualified elector in the Bessemer division or cut-off. 132 Ala. 43, 31

South. 493, and authorities supra. The county was therefore not liable for his salary. 204 Ala. 463, 86 South. 51; 196 Ala. 481, 71 South. 704; 180 Ala. 639, 61 South. 963; 66 Ala. 187; 53 Ala. 25.

Burgin & Jenkins, of Birmingham, for appellee.

The answer was subject to the demurrer. 48 Ala. 414. The presumption is that the Legislature did not intend to make any alteration in the law beyond what is explicitly declared in express terms or by unmistakable implications. 182 Ala. 341, 62 South. 677, 46 L. R. A. (N. S.) 642, Ann. Cas. 1915D, 776. Endlich, Interp. of Statutes, 151. The act cannot be construed as intending to prohibit the appointment of deputies, who are not qualified electors of and do not reside in the Bessemer division.

SAYRE, J. Speaking with special reference to the sheriff's office in Jefferson county under the act of September 16, 1915 (Acts 1915, p. 549 et seq.)—for, obviously, that act was intended especially for Jefferson county —it was the intent and purpose of the act that the sheriff should maintain a branch office in charge of a bonded deputy at Bessemer. The salary of such deputy is fixed by the board of revenue, and is payable out of the county treasury on an order or warrant drawn on the treasurer. Appellant is the county treasurer, and his answer to the rule nisi, requiring him to show cause why he should not pay a warrant drawn in favor of petitioner, Kemp, shows that Kemp is "a deputy sheriff, appointed by J. C. Hartsfield, sheriff of Jefferson county, to serve at Bessemer," and that "said W. T. Kemp is in charge of an office at a place other than at the county site of Jefferson county." The answer further shows that Kemp was not, at the time of his appointment, nor at the time of the answer, a qualified elector of any of the precincts embraced in the territory the business of which is, under the law, to be transacted at Bessemer, and this lack of qualification is set up as respondent's reason for refusing to pay petitioner's warrant.

We think it sufficiently appears from the pleadings—no issue being raised for settlement by evidence aliunde—that appellee Kemp is the deputy in charge of the sheriff's branch office at Bessemer, and that he claims the salary in question in virtue of the act of 1915, and not otherwise. It is nothing to the point that, except in the matter of keeping an office at Bessemer, the sheriff, in person or by deputy, may without reference to the act discharge the duties of his office in the Bessemer jurisdiction, nor that appellee has actually performed services in connection with the sheriff's office, for the question is whether appellee may lawfully

receive the salary provided by the act. Now the act provides in mandatory terms that the deputy keeping office at Bessemer shall, at the time of his appointment and during his term of office, be a qualified elector residing within the Bessemer jurisdiction. Appellee is not a qualified elector residing in the Bessemer jurisdiction is not the officer for whom a salary is provided by the act, and therefore is not entitled to the writ for which he prays. To hold otherwise would set the statute at naught. The court has no authority to gainsay the statute in any, the least, of its provisions.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.