(132 So. 36)

**EARP v. BISHOP et al.**

6 Div. 636.

Supreme Court of Alabama.

Jan. 15, 1931.

236

Horace C. Wilkinson, of Birmingham, for appellant.

Ernest Matthews, of Birmingham, for appellees.

**THOMAS, J.**

The petition for mandamus was to compel payment of an alleged balance due on salary as chief clerk of the board of registrars of Jefferson county.

The writ of mandamus has long been recognized as the appropriate remedy directed against the members of the board. State ex rel. Denson v. Miller, 204 Ala. 234, 85 So. 700; Revenue & Road Com'rs of Mobile County v. State ex rel. Campbell, 163 Ala. 441, 50 So. 972; Sessions & Leary v. Boykin, 78 Ala. 328; Reynolds, Auditor v. Taylor, 43 Ala. 420.

The act is its own interpreter. Gen. Acts 1927, p. 277, § 403, amending Gen. Acts 1920 (Sp. Sess.), pp. 124, 133, § 37 (section 403, Code 1928). It provides, in part, as follows:

"The Chairman of the Board of Registrars shall have the power and authority to employ a chief clerk and such other clerical help as may be necessary for the efficient discharge of the duties of his office. The chief clerk shall be paid the same salary, in the same manner, as is paid to the other chief clerks in the several departments of the county, as fixed by the Board of Revenue, or board of like jurisdiction. The salaries of the said chief clerk and other clerical assistants shall be fixed by the Board of Revenue, or board of like jurisdiction."

This court takes judicial knowledge that there are other departments of county government with chief clerks that are not named in the petition; that the petition does not allege that the several chief clerks named therein are all the chief clerks of the departments of the county government; and does not allege that there was a uniform scale of compensation of such chief clerks. This failure would justify the action of the trial court in sustaining the demurrer to the petition.

The statute concludes with the provisions calling and providing for an exercise of judgment and discretion on the part of the board of revenue in fixing the salaries of chief clerks and other clerical assistants of the several departments of government. It is prescribed that the salaries *"shall be fixed* by the Board of Revenue, or board of like jurisdiction." (Italics supplied.) The petition does not show that said salary, as sought to be compelled of payment, was fixed by the board at the rate indicated and for which payment is sought to be compelled by issue of a writ of mandamus to the members of said Board.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.