195 So. 267

**JEFFERSON COUNTY v. O'GARA et al.**

6 Div. 473.

Court of Appeals of Alabama.
June 30, 1939.

Rehearing Denied Oct. 3, 1939.

Affirmed after Return by Supreme Court Jan. 16, 1940.

Rehearing Denied April 2, 1940.

Sam T. Huey, of Bessemer, for appellees.

Clarence Mullins, of Birmingham, for appellant.

BRICKEN, Presiding Judge.

Plaintiffs brought their action in assumpsit against said County to recover certain sums of money as the unpaid salary of said Edward A. Veitch, alleged to be due him at the time of his death, for services rendered by him as Deputy License Commissioner of said County in the months of April, May and June, 1933, and September, 1934.

A judgment was rendered by the court below in favor of said plaintiffs for the sum of $292.50 and costs, and from that judgment said Jefferson County, defendant, appeals.

The complaint filed by plaintiffs against defendant in the court below contained, originally, eight counts. Four of these counts were eliminated by demurrer and upon the remaining four counts, viz: counts 2, 4, 6 and 8, issue was joined between the parties.

Counts 2, 4 and 6, each respectively, claimed the sum of $75 balance of salary for the months of April, May and June, 1933, while count 8 claimed the sum of $67.50 balance of salary due for the month of September, 1934.

It was alleged in each of said counts 2, 4, 6 and 8 that the amount therein sued for was due for salary of said Edward A. Veitch for work and labor done by him for the defendant, and at its request, during the month specified in said counts, and that the said Edward A. Veitch was,

at the time said services were rendered, Deputy License Commissioner of Jefferson County, Alabama, Bessemer Division, and that as such officer he was duly authorized and required to perform all of the duties of said office throughout the entire duration of each of said months.

Each of said counts of the complaint also aver that the said Edward A. Veitch filed his claim, duly itemized and sworn to, for the amount therein sued for, with the County Commission of said County, on towit: March 18, 1936, and that said claim was disallowed by said County Commission on, towit: October 11, 1936, and that thereafter on, towit: January 11, 1938, plaintiffs, as residuary legatees of the estate of Edward A. Veitch, deceased, filed an additional claim for the amounts sued for in each of said counts, with said County Commission, and that said claim was disallowed by said County Commission on, towit: May 11, 1938. Plaintiffs filed their suit in the court below on July 8, 1938, as appears from the endorsement of the clerk of the court below upon the complaint.

The defendant filed its demurrer to said complaint, assigning 11 separate grounds of demurrer, one of which was that said complaint did not state a cause of action against the defendant. This demurrer, as has been noted, was sustained as to all counts of the complaint except counts 2, 4, 6 and 8 thereof, to which said demurrer was overruled. Thereupon the defendant filed its plea of the general issue, in short by consent, to counts 2, 4, 6 and 8 of said complaint, each separately and severally, with leave to give in evidence any matter, which, if well pleaded, would be in defense of said suit, and to have effect as if so pleaded, and with the like right to plaintiffs to give in evidence any matter, which, if well pleaded, would be admissible in reply to such defensive matter, and to have effect as if so pleaded.

The issue between plaintiffs and defendant was, as set out in said counts 2, 4, 6 and 8 of said complaint and in said plea, submitted to the court below for its judgment thereon upon an agreed statement of facts, a copy of which is incorporated in the transcript filed in this court.

It is the contention of plaintiffs (appellees) that Edward A. Veitch, their deceased testator, was a county officer of Jefferson County; that his term of office was six years; that he was entitled to receive a salary of $225 per month for the services performed and duties discharged by him as such county officer; that it was the duty of the defendant to pay this salary; that his term of office did not expire until July 17, 1937, on which day any balance of salary earned by him in the months of April, May, and June, 1933, and September, 1934, might have been paid under the provisions of section 2713 of the Code of Alabama, 1923; that his claim for $292.50 balance of salary, filed with the County Commission of Jefferson County on March 18, 1936, was not then barred by the provisions of section 228 of the Code 1923, because his term of office had not expired, and, furthermore, that claims of county officers for official salaries do not belong to that class of claims which require an audit and allowance by the governing body of the county, and hence their suit was not barred and they were entitled to recover.

It is the contention of the defendant (appellant) that Edward A. Veitch, plaintiffs' deceased testator, was not a county officer of Jefferson County in the months of April, May and June, 1933, and September, 1934, when the services described in the complaint were rendered; that he was then, and at all times, a mere employee of the county; that said employee was appointed to his position by the County Commission of said County; that his compensation was fixed by said Commission; that if said Commission deemed it necessary, for the public good, to put said employee upon an enforced ten days' vacation, without pay, during said months and thereby reduce his compensation to the amounts actually paid him for each of said months, said Commission had the legal power and authority so to do; that the claim of plaintiffs' testator accrued, if it accrued at all, and was payable on the last day of each of said months; that it was necessary for said County Commission to audit and allow, or disallow, said claim; that said claim was not presented to and filed with said County Commission for audit and allowance until more than twelve months after the same accrued, or became payable; that at the time of presentation and filing it was barred by section 228 of the Code 1923; that plaintiffs' suit was prohibited by section 5680 of the Code 1923; that the trial court erred in overruling defendant's demurrer to counts 2, 4, 6 and 8 of plaintiffs' said complaint; that the trial court erred in rendering a judg-

ment for plaintiffs and in refusing to render a judgment for the defendant.

1. This Court does not agree with counsel for appellant in his contention that Edward A. Veitch, plaintiffs' testator, was not a county officer of Jefferson County, Bessemer Division, during the time he was actually serving and acting as Deputy License Commissioner of said County, in the Bessemer office, having actual charge and control of that office, as admitted by appellant.

Any person, executing an agency of the State, under the authority of a public law, is an officer within the generic meaning of the term. The statute (Gen'l. Acts, Alabama, 1931, p. 522) created the office of License Commissioner of Jefferson County, Alabama, and provided that the officer (the License Commissioner) should be appointed by the County Commission of said County. The Act fixes the term of office for the incumbent at six years, and his salary at $5,000 per annum.

The duties of the License Commissioner are declared by the statute in broad and comprehensive terms, among which is the appointment of such clerks and assistants as he may deem necessary for the proper discharge of the duties of said office. The number of clerks and assistants to be appointed by said License Commissioner is to be determined by the County Commission, which body is required to fix the amount of salary, or compensation, to be paid to each,, and which body is also required to approve said appointments before they become effective.

Eugene B. Henry was appointed License Commissioner of Jefferson County by the County Commission of said County, under the provisions of said statute, on July 17, 1931, and immediately qualified as such officer by executing an official bond and taking the oath of office.

By the terms of an Act of the Legislature of Alabama, approved September 16, 1915 (Gen'l.Acts, Alabama, 1915, p. 549), *all* county officers of Jefferson County are required to keep and maintain a branch office at Bessemer for the transaction of all business arising in the Bessemer judicial division of said County, and to appoint deputies, who shall at the time of their appointment and during their term of office be qualified electors, residing within the Bessemer Division of said County, and who shall at all times be in charge of the office of their principals, and who are authorized to discharge all ministerial duties, and perform all acts of their principals that could be performed by their principals that are not strictly and exclusively nondelegable, and for all such acts said deputies are held responsible on their official bonds.

Said Act also requires that said county officers shall, before permitting said deputies to enter upon the discharge of their duties, require said deputies to take the oath of office and to enter into bond in the sum of not less than two thousand nor more than ten thousand dollars and made payable and conditioned as the bonds of their principals were then required by law to be payable and conditioned.

Said Act also provides that where the county officer is on a salary basis the salary, or compensation, of such deputy shall be fixed by the Board of Revenue, or Court of County Commissioners (the County Commission), and that said deputy's compensation *shall be paid out of the county treasury on the order* or warrant of such officer.

In the case of Ex parte State ex rel. Shirley, 20 Ala.App. 473, 103 So. 68, 70 (Samford, J.), speaking with reference to the legislative intent in the passage of said Act of 1915, it was said: "It is clear to us that it was the intention of the Legislature, as to the matters therein provided, to establish a separate territorial jurisdiction in the counties named. Such is the territory in which is Bessemer in Jefferson county."

Our Supreme Court in the case of Henry, County Treasurer, v. State ex rel. Kemp, 205 Ala. 196, 87 So. 816, speaking with reference to the provisions of said Act of 1915 as it related to the office of Sheriff of Jefferson County and the manner of the payment of the salary, or compensation, of his Deputy at Bessemer, said: "It was the intent and purpose of the act that the sheriff should maintain a branch office in charge of a bonded deputy at Bessemer. The salary of such deputy is fixed by the board of revenue, and is payable out of the county treasury on an order or warrant drawn on the treasurer."

What is said in the Kemp case, supra, applies to the office of License Commissioner of Jefferson County, because under the Acts of 1931 and 1915, supra, the said License Commissioner of said County is required to maintain a branch office at Bessemer in charge of a bonded Depu-

ty, or Chief Clerk, whose salary is fixed by the County Commission of said County and which, under section 5 of said Act of 1915, p. 551, is payable out of the county treasury on the order, or warrant, of the License Commissioner of said County.

■ It is shown by the agreed statement of facts in this case that Eugene B. Henry, License Commissioner of Jefferson County, appointed Edward A. Veitch to the office of Deputy License Commissioner of said County, Bessemer division, on January 11, 1933, and that this appointment was approved by the County Commission on said day and that the salary of said Edward A. Veitch was then and there fixed by said Commission at the sum of $225 per month. The fact that the appointment of said Deputy License Commissioner did not specify the term of office for which he was appointed, or the fact that his tenure of office may have been at the will, or pleasure, of his superior, did not affect his legal status as an officer of said county, while in the actual discharge of his official duties, which were of a serious and highly important character, continuing in their nature, and in the proper and legal performance of which both the State and county, as well as the general public, were vitally concerned. Said Act of 1931 declares in broad terms what those duties are. Among other things he was charged with the collection of a substantial part of the revenue of the State and county in an important portion of said county. We need not attempt to enumerate the duties imposed by law upon the Deputy License Commissioner of Jefferson County, Bessemer Division, suffice it to say that in so far as said Bessemer Division of said County is concerned, the said Edgar A. Veitch, while discharging the duties of his office, was, to all intents and purposes, the alter ego of Eugene B. Henry, License Commissioner of Jefferson County. That said Edward A. Veitch was a county officer of Jefferson County, Alabama, in March, April, May and June, 1933, and in August and September, 1934, we entertain no doubt. Acts of Alabama, 1915, p. 549; Acts of Alabama, 1931, p. 522; Andrews v. State, 78 Ala. 483, 485; Michael v. State, 163 Ala. 425, 50 So. 929; Touart v. State ex rel., 173 Ala. 453, 56 So. 211; Gerald v. Walker, Supt. of Banks, 201 Ala. 502, 78 So. 856; Henry, County Treasurer v. State ex rel. Kemp, 205 Ala. 196, 87 So. 816; Ingram v. Evans et al., 227 Ala. 14,

148 So. 593; Hamilton v. Edmundson, 235 Ala. 97, 177 So. 743; Meechem on Public Officers, Sec. 1; Throop on Public Officers, Sec. 2.

■ 2. The fact that the Legislature of Alabama delegated to the County Commission of Jefferson County the power and authority to approve the appointment of the Deputy License Commissioner, Bessemer Division, of said County, and the power also to fix his salary, did not confer upon said County Commission either the power, or the authority, to temporarily remove said Deputy License Commissioner from his office, or to summarily command and require the License Commissioner of said County to do so, which was the legal effect of said resolutions adopted by the County Commission of Jefferson County in the months of March, April and May, 1933, and August, 1934, copies of which are set out in the agreed statement of facts. Brassell v. Brandon, 223 Ala. 324, 135 So. 577.

■ The right and power to appoint the Deputy License Commissioner of Jefferson County, Bessemer Division, was, under the provisions of the Acts of the Legislature of Alabama (Gen'l.Acts Alabama, 1915, p. 549; Gen'l.Acts of Alabama, 1931, p. 522) delegated to and vested in the License Commissioner of said County and not in the County Commission thereof. That said power of appointment was to be carefully and circumspectly exercised is, we think, manifested by that provision of said Act of 1931 which vested in the County Commission of said County the power and authority to approve the appointment and to fix the salary to be paid to the appointee.

■ In the case of Touart v. State ex rel., supra, our Supreme Court said [173 Ala. 453, 56 So. 214]: "It has been uniformly ruled that the power to appoint an officer carries with it, as an incident, in the absence of constitutional or statutory restraint, the right to remove the appointee."

And further in the same case it was said: "When a person is appointed to an office the term of which is not fixed by law, he is then and ever after regarded as holding subject to the will of the appointing power."

■ In addition to the want of power in the County Commission of Jefferson County to temporarily remove the Deputy

License Commissioner, Bessemer Division, of said County from his office, at any time, this record affirmatively shows that the said Edward A. Veitch, Deputy License Commissioner of Jefferson County, Bessemer Division, during the months of April, May and June, 1933, and September, 1934, was not in fact so removed from his said office by any one. The agreed statement of facts recites that Edward A. Veitch was employed during the months of April, May and June, 1933, and September, 1934, as Deputy License Commissioner of Jefferson County, Bessemer Division, as provided by said Acts of the Legislature of 1915 and 1931, respectively and that as such, "he was duly authorized and *required to perform all the duties of said office,* and it is agreed that *he did perform all such work and labor and performed such services from Jan. 11, 1933, up to and including the 1st day of October, 1934."* (Emphasis ours).

And so it is the opinion and judgment of this Court that said Edward A. Veitch, said officer, earned and was entitled to receive his entire salary of $225 per month for each of the months, April, May and June, 1933, and September, 1934. The record in this case shows that he was paid only a part of his salary for said months. His acceptance of the part of his salary actually paid to him for these months did not estop or preclude him from enforcing the collection of the remainder of his salary for said months, as provided by law. Hamilton, Tax Collector v. Edmundson, supra.

3. Plaintiffs, the residuary legatees of Edward A. Veitch, deceased, brought a suit in assumpsit, on the common counts, in the court below, against Jefferson County, defendant, to enforce the collection of the balance of salary alleged to be due said Edward A. Veitch, deceased, at the time of his death. Plaintiffs are mistaken in their remedy for the collection of said balance of salary due said officer. Actions in assumpsit are brought for the breach of a contract. Alabama Great Southern Railway Co. v. Norris, 167 Ala. 311, 52 So. 891.

The Deputy License Commissioner of Jefferson County, Bessemer Division, did not hold office and was not entitled to receive his salary as the incumbent of said office, actually discharging the duties thereof, by virtue of any contractual relationship between him and said County, or between him and the County Commission of said County. He held an office created by law, under an appointment authorized by law, and was entitled to receive his salary, fixed in the manner provided by law, as the emolument of said office, the payment of which was by law charged upon the treasury of said county. That salary, the law provides, was payable upon the order, or warrant of his superior to the County Commission of said County. If the County Commission failed or refused to issue to the Deputy License Commissioner a warrant upon the County Treasury for the amount of his salary upon the order of his superior, the License Commissioner of said County, then the Deputy License Commissioner had his remedy to compel the issuance of said warrant but that remedy was not by suit in assumpsit against the County because that action is a remedy for the enforcement of contracts expressed by the parties, or implied by the law from their acts. 7 Corpus Juris Secundum, Action of Assumpsit, p. 109, § 1 et seq. But the appointment to a public office does not create a contract. Harrington v. State, 200 Ala. 480, 76 So. 422; Turner v. State, 226 Ala. 269, 146 So. 601; McDonald v. New Haven, 94 Conn. 403, 109 A. 176, 10 A.L.R. 194; 22 R.C.L. 379; Sibley v. State, 89 Conn. 682, 96 A. 161, L.R.A.1916C, 1087; Hall et al. v. City of Shreveport, 157 La. 589, 102 So. 680.

Defendant's demurrer, upon one of the grounds therein assigned, took the point that the complaint failed to state a cause of action against the defendant. This Court is of the opinion that the demurrer upon this ground was well taken and that the trial court erred in its judgment overruling said demurrer. Authorities, supra.

4. In the case of State ex rel. State Tax Commission v. Smith, Auditor, 188 Ala. 432, 439, 440, 66 So. 61, 63, it was said by our Supreme Court: "Salaries are paid to public officials not so much as an equivalent for services performed as for the purpose of enabling them, while in office and in the performance of public duties, to be relieved of the necessity of constant watchfulness for the necessities and comforts of life."

And so the law of this State provides a highly efficient remedy for an officer whose salary has been unlawfully withheld or denied to him. That remedy is the writ

of mandamus against the officer or board who wrongfully withholds or refuses to pay said salary. Concerning the writ of mandamus our Supreme Court in the case of Sessions v. Boykin, 78 Ala. 328, said: "The general rule is, that to entitle a party to a mandamus, *there must concur a specific legal right,* and *the absence of any other specific * * * legal remedy.* The adequacy of another legal remedy, so as to prevent interposition by mandamus, is tested by its sufficiency to place the party in the position he occupied before the omission of the duty complained of, or *would have occupied if the duty had been performed."* (Emphasis ours).

It is evident from what is said in the Sessions case, supra, and a great many other cases from our Supreme Court and from this Court, unnecessary now to be cited, that the remedy by mandamus is exclusive. If the writ is granted it is because there is no other remedy.

The case of Henry, County Treasurer v. State ex rel. Kemp, 205 Ala. 196, 87 So. 816, is one where a deputy sheriff of Jefferson County attempted to compel the Treasurer of said County to pay a warrant which had been issued in his favor in payment of his salary. The proceeding was for mandamus.

The case of Earp v. Bishop, 222 Ala. 235, 132 So. 36, is one where the Chief Clerk of the Board of Registrars of Jefferson County was attempting to collect an alleged balance of salary, claimed to be due him. The remedy applied for was the writ of mandamus.

The case of Hamilton, Tax Collector v. Edmundson, 235 Ala. 97, 177 So. 743, is one where a Deputy Tax Assessor of Jefferson County was proceeding for the collection of a claimed balance of compensation. The proceeding was by petition for mandamus.

The case of Beasley, Mayor v. McCorkle, 237 Ala. 4, 184 So. 904, is one where a Chief of Police was endeavoring to enforce the collection of his salary. He applied for the writ of mandamus.

In the case of Earp v. Bishop, supra, the question was directly before the Supreme Court for decision. Both appellant and appellee cited the case of Sessions v. Boykin, supra. The appellant contended that mandamus was the proper remedy and the appellee contended that the writ of mandamus could not issue unless petitioner had a clear specific right to have the Board of Revenue of Jefferson County issue the warrant applied for and no other remedy whereby his compensation could be obtained. In that case the Court said: "The writ of mandamus has long been recognized as the appropriate remedy directed against the members of the board. State ex rel. Denson v. Miller, 204 Ala. 234, 85 So. 700; Revenue & Road Com'rs of Mobile County v. State ex rel. Campbell, 163 Ala. 441, 50 So. 972; Sessions v. Boykin, 78 Ala. 328; Reynolds, Auditor v. Taylor, 43 Ala. 420."

The appellant assigns as error the rendition of judgment by the court below in favor of the plaintiffs and against the defendant for $292.50 and costs of suit. And the appellant also assigns as error the refusal of the trial court to render judgment in favor of the defendant.

In view of the fact that plaintiffs were not entitled to bring their action in assumpsit against the defendant for the alleged balance of salary due their deceased testator at the time of his death and further in view of the law requiring plaintiffs, if they had a clear legal right to the balance of the salary of their deceased testator as claimed by them, to institute a proceeding in mandamus to enforce the collection of their demand, it is the judgment of this Court that the trial court erred in rendering judgment for the plaintiffs, and erred, also, in refusing to render judgment in favor of the defendant upon the agreed statement of facts upon which said case was submitted.

For the errors pointed out the judgment of the trial court is hereby reversed and this cause is remanded to the court below to be there disposed of in accordance with the law herein announced.

Reversed and remanded.

## On Rehearing

### (After Cause was Returned by Supreme Court)

When this case was before this court, upon original submission, the court rendered judgment reversing the judgment of the lower court and remanding said cause. Such judgment was in favor of appellant, but nevertheless, appellant petitioned the Supreme Court for a writ of certiorari to review and revise the opinion here rendered. Upon consideration thereof by the Supreme

Court 195 So. 277,[1] for the reasons stated by Mr. Justice Gardner, in the opinion for the court, the petition for writ of certiorari was dismissed. We quote the concluding paragraph of the opinion, supra, towit: "We think the action of assumpsit was proper in this case, and have so stated our reasons therefor that the question may be re-examined by the Court of Appeals. And if, upon such re-examination, that court likewise so concludes, then there may be had such a final determination of the cause as could be here properly reviewed in orderly manner, if so desired by the aggrieved party." Acting upon the foregoing suggestion we now proceed to re-examine the points of decision involved upon the appeal.

The action brought by plaintiff in the court below was in assumpsit, and was for the recovery of certain sums of money alleged to be due as the balance of official salary of one Edward A. Veitch, a Deputy License Commissioner of Jefferson County, Alabama, for services rendered by him as such and which he was authorized and required to render.

In the consideration of the case, upon its original submission, this court deemed it necessary and proper to determine from the facts of the case and the law applicable thereto, whether or not the said Edward A. Veitch, as Deputy License Commissioner of Jefferson County, was an officer of said county.

We held upon that submission that the Deputy License Commissioner of Jefferson County, Alabama, was a county officer of said county, and cited relevant authorities in support of that determination. We also held that the County Commission of Jefferson County, the governing body of said county, was without legal right and authority to summarily require the License Commissioner of the county to place said Deputy License Commissioner of Jefferson County, Bessemer Division, upon a 10 days' vacation without pay and thereby decrease the amount of compensation to which said Deputy Commissioner was entitled to receive for the services actually performed by him.

This court further held that the remedy of the plaintiff in the court below was by mandamus, and not by assumpsit, and that for this reason, the judgment of the lower court should be reversed and the cause remanded.

In support of our adjudication that mandamus was the proper remedy for the collection of the official salary of a public officer, or of any unpaid balance thereof, we cited a number of cases from our Supreme Court, including the case of Earp v. Bishop, 222 Ala. 235, 132 So. 36; and Beasley, Mayor, v. McCorkle, 237 Ala. 4, 184 So. 904. In each of said cases it was held that mandamus was the proper remedy for the enforcement of the collection of the official salaries involved in said cases.

This court, in its opinion in the case at bar, called attention to the rule declared in the case of Sessions v. Boykin, 78 Ala. 328, and in Beasley, Mayor, v. McCorkle, supra, to the effect that to entitle a party to mandamus there must concur a specific legal right to the relief sought, *and the absence of any other specific legal remedy.*

This court, therefore, was of the opinion that its judgment with respect to the remedy which should have been pursued by plaintiffs in the court below, in the case at bar, was compelled, by the provisions of the pronouncements of the Supreme Court of Alabama with respect to the conditions upon which the writ of mandamus might be applied for, to hold that a county official seeking to collect an alleged balance of official salary or compensation, must proceed by petition of mandamus inasmuch as the case of Earp v. Bishop, supra, and the other cited cases hold that mandamus, by its very nature an exclusive remedy, is the proper mode for the collection of said official salary or alleged balance thereon.

Upon the application for certiorari our Supreme Court made, among others, the following pronouncement: "The question of the resort to mandamus relates to the matter of adequacy of any other remedy. And while some of the cited cases have held mandamus appropriate in a case of this character (Earp v. Bishop, 222 Ala. 235, 132 So. 36), yet it was not said that it was the exclusive remedy, and that general assumpsit would not lie. Any expressions tending to a contrary view in the opinion in Marengo County v. Lyles, 101 Ala. 423, 12 So. 412, were disapproved in Scarbrough v. Watson, 140 Ala. 349, 37 So. 281."

With due deference to our Supreme Court, and with full consciousness that the court is controlled by the judgment of the Supreme Court, we nevertheless deem it right and proper to say that the Supreme

---

[1] 239 Ala. 3.

Court having declared that mandamus was appropriate in cases of the character of the case at bar, in substance and effect, has also declared that assumpsit would not lie in such cases for the reason that mandamus cannot issue *except in the absence of any other appropriate remedy.* This court so considered and construed the opinions of the Supreme Court upon this question in the cases cited.

This court further is of the opinion that the cases, of Marengo County v. Lyles, 101 Ala. 423, 12 So. 412, and Scarbrough v. Watson, 140 Ala. 349, 37 So. 281, must be differentiated from the case at bar for the reason that the question of an official's salary which had been fixed and determined according to law, and which did not depend upon any subsequent allowance or disallowance by the governing body of the county, was not the matter involved in either of said cases; while under the facts in the cases of Marengo County v. Lyles, supra, and, Scarbrough v. Watson, supra, the claims there involved were of such nature as required the presentation of those claims to the governing body of the county for allowance or disallowance, and if disallowed, then to be sued upon according to the applicable Statutes.

██ In our original opinion in the case at bar, this court also said that actions in assumpsit were based upon a contractual relationship between the parties. It was pointed out that the contract might be expressed or it might be implied. It was also pointed out that under the law of this State the appointment to a public office does not create a contract, nor a contractual relation, either expressed or implied. This court was then, as was pointed out, and is now, it may be added, of the opinion that under express decisions of the Supreme Court all claims against a county or municipality growing out of a contract, express or implied, or based upon a contractual relationship, express or implied, are to be enforced by suits in assumpsit.

██ The Supreme Court has decided, in the case at bar, that plaintiffs in the court below were entitled to bring their action of assumpsit, and by that decision this court is controlled. Code 1923, Section 7318.

The suit in the court below, as has been stated, was for the recovery of an alleged unpaid balance of official salary claimed to be due Edward A. Veitch, plaintiffs' deceased testator, for services rendered by him, and which he was authorized and required to perform, as a Deputy License Commissioner of Jefferson County, Bessemer Division, for the months of April, May, and June, 1933, and for the month of September, 1934, it being alleged that said services were performed during the term of office of said Deputy License Commissioner beginning July 15, 1931, and ending July 15, 1937.

The pleadings, both in behalf of the plaintiff and the defendant, have been sufficiently referred to in the original opinion of this court in this case and will not be now again enumerated.

The facts of the case and in support of plaintiff's complaint, and of defendant's plea thereto are set out in an agreed statement of facts, incorporated in and made a part of the record in this case, and which were sufficiently referred to and set out in the original opinion of this court, dated June 30, 1939, on the original submission of this case.

From the facts of this case and from the law applicable thereto, it was the considered opinion of this court that Edward A. Veitch throughout the months of April, May, and June, 1933, and September, 1934, was a county officer of Jefferson County, Alabama, he having been appointed to the office of Deputy License Commissioner of Jefferson County, Bessemer Division, in form and manner as provided by law. His salary, or compensation, was fixed, as provided by law, by the county commission of said county on January 11, 1933, at the sum of $225 per month.

The County Commission of Jefferson County adopted four different resolutions, dated March 31, 1933, April 25, 1933, May 25, 1933 and August 28, 1934, respectively, affecting the heads of certain departments of the county government of said county, including that of License Commissioner, one of these resolutions covered the month of April, 1933, another the month of May, 1933, and another the month of June, 1933, while the last of the four covered the month of September, 1934. Each of these resolutions provided that the heads of the enumerated departments of the county government, including the License Commissioner of Jefferson County were "hereby ordered and directed to put one third of the employees of such department on a ten day leave of absence without pay, effective on the 1st day of April, May and June 1933, and September 1934, and at the expiration of said

10 days holiday without pay, to place another one third of such employees on like vacation such alternating vacations to continue until further notice, the intent hereof being that each of the employees in each of said departments shall draw for two-thirds out of each month elapsing from the effective date of this resolution. That is, until May 1, June 1, and July 1, 1933, and October 1934."

The contention of appellant, with respect to said resolutions is:

(1) These resolutions *required* all of the employees in the office of License Commissioner of Jefferson County, including Edward A. Veitch, as Deputy License Commissioner of said county, Bessemer Division, to take a ten day payless vacation during each of the months April, May, and June, 1933, and September 1934.

(2) That the amounts claimed by plaintiffs as balance of said Edward A. Veitch, Deputy License Commissioner, would have been payable had it not been for the passage of said resolutions requiring the taking of said payless vacations by said Deputy License Commissioner.

With respect to the above enumerated two contentions of appellant it is to be noted that the agreed statement of facts expressly recites that said Deputy License Commissioner *"was duly authorized and required to perform all the duties of said office, and it is agreed he did perform all such work and labor and performed such services from January 11, 1933 up to and including the 1st day of October, 1934."*

It is also to be noted that each of said resolutions simply commanded or directed the heads of the enumerated county departments *to put one third* of the *employees* of said departments on a ten days' vacation, leave of absence, or holiday without pay. The County Commission of Jefferson County did not place the Deputy License Commissioner of said county, Bessemer Division, on a ten days' leave of absence without pay. Said Commission commanded or directed the License Commissioner of said county to put the Deputy License Commissioner of said county, Bessemer Division, on a ten days' leave of absence or vacation, without pay, but this, the license commission, the head of this county department did not do, because, as noted, the agreed statement of facts recites that the Deputy License Commissioner was duly authorized and required to perform and actually did

perform all the duties of his office from January 11, 1933, up to and including the 1st day of October, 1934, which period it must be admitted included all the months of April, May and June, 1933, and September, 1934.

There are nine assignments of error by appellant upon this appeal. Assignments of error numbered from one to five, inclusive, are based upon the action of the trial court in overruling the separate and several demurrers of the appellant to appellee's complaint, and to counts 2, 4, 6, and 8 thereof. The demurrer in question sets up eleven grounds of demurrer. It is unnecessary to refer to the first, second, third, fourth, and fifth ground of demurrer for the reason that they are palpably bad, and were properly overruled.

The sixth ground of demurrer alleges that the claim sued on is barred by the statute of limitations.

The seventh and eighth grounds of demurrer are based upon the allegation that no itemized and verified claim of plaintiff's demand was filed with the County Commission of Jefferson County, Alabama, within twelve months from the date said claim was alleged to have arisen and accrued.

The ninth ground of demurrer alleges that the suit was not filed within twelve months after plaintiffs' claim was disallowed by the county commission of Jefferson County.

The tenth and eleventh grounds of demurrer are obviously without merit.

It is sufficient to say that the statute of limitations is not properly raised by a demurrer, limitations being a defense to be presented by a special plea. Sharp v. Clopton, 218 Ala. 140, 117 So. 647; Sovereign Camp, W. O. W., v. Carrell, 218 Ala. 613, 119 So. 640.

The plea of the general issue in short by consent with leave to give in evidence any matter, which if well pleaded would be admissible in defense of plaintiff's action, is doubtless sufficient to raise the question of the action being barred by the statute of limitations of 12 months from the accrual of the cause of action and also the failure of plaintiffs and their deceased testator to present their claim for allowance to the court of county commissioners within 12 months from its accrual. Code 1923, § 228.

This court held, upon the original submission of this case, that it was not necessary for a claim for a balance of the salary or compensation of a public county officer for his salary or any balance due thereon to be presented to the governing body of a county for allowance. We think that holding is sound. The salary or compensation here involved was fixed as provided by law and needed no presentation to the county commission of Jefferson County. Hasty v. Marengo County Bank, 204 Ala. 229, 86 So. 37; Ward v. State ex rel. Goldsmith, 17 Ala.App. 170, 82 So. 660; State ex rel. Holcombe v. Stone, 26 Ala. App. 226, 157 So. 452; Sarah Jeffers, as Ex'x, etc., v. Robert H. Wharton as President, etc., post, p. 428, 197 So. 352.

We therefore hold that sections 224, 225, 228 and 5680 of the Code 1923, respectively, are inapplicable to the claim here sued upon.

The above and foregoing are all of the questions presented upon this appeal, which were not fully discussed in the opinion filed upon the original submission of this cause and this court adheres to its former opinion in this case, save with respect to what was there said in regard to plaintiffs being mistaken with reference to their remedy by suit in assumpsit. In regard to that question this court is, of course, bound by the decision of the Supreme Court, by virtue of the statute.

It, therefore, follows that the trial court did not err in rendering judgment for the plaintiffs for the amount sued for. Judgment of the lower court is accordingly affirmed.

Opinion extended and corrected.

Affirmed.