25 So.2d 396

**JEFFERSON COUNTY v. McADORY.**

6 Div. 248.

Court of Appeals of Alabama.

March 5, 1946.

Rehearing Denied March 19, 1946.

Harvey Deramus, of Birmingham, for appellant.

Sam T. Huey, of Bessemer, for appellee.

BRICKEN, Presiding Judge.

It appears from the record on this appeal that J. E. McAdory brought his suit in the Circuit Court of Jefferson County, Alabama, Bessemer Division, against Jefferson County, to recover the sum of $1,-000, alleged to be due him for unpaid salary, earned by him as Deputy Tax Assessor of Jefferson County, Bessemer Division, for the months of October 1933, to and including May 1937, for work and labor done by him as such Deputy Tax Assessor during two separate terms of office, one of which began on October 1, 1931, and ended September 30, 1939.

In response to the complaint the defendant interposed its plea of the general is-

296

sue, in short by consent, including the statute of limitations of one year, and of three years, and of six years, respectively, also waiver, estoppel, waiver and estoppel and res adjudicata.

The case was tried in the court below before the court, without a jury, upon an agreed statement of facts, from which it is shown that plaintiff McAdory, was the lawful Deputy Tax Assessor of Jefferson County, Alabama, Bessemer Division, for a four year term, beginning October 1, 1931, and ending September 30, 1935, and also for a four year term, beginning October 1, 1935, and ending September 30, 1939, called the second term, and from which he resigned after completing his services for the month of May, 1937. The salary of the plaintiff was fixed by the County Commission of Jefferson County at $225 per month, but during his first term of office, he was required by said Commission to take four ten-day, payless vacations, one each in the months of April, May and June, 1933, and one in September 1934, thus reducing his salary in said named months from $225 to $202.50 per month. He also was required by said County Commission in the same manner to take payless vacations during his second term of office for the months of October 1935 to May 1937, inclusive, aggregating twenty months at said reduced salary of $202.50 per month, for an aggregate of twenty months which reduction was at the rate of $22.50 per month, and aggregating a reduction during said second term of $450.

■ On January 4, 1937, plaintiff brought his suit against defendant seeking to recover the diminution in his salary during his first term of office, that is to say, for the months of April, May and June, 1933, and September 1934, as shown by amended counts "A," "B," "C," and "D," to the complaint, each respectively, which are attached to and made a part of said agreed statement of facts. In that suit the plaintiff on September 4, 1937, recovered judgment against Jefferson County. This suit was limited to the first term of office of said Deputy Tax Assessor, and was brought after that term had fully expired and when he had a right to sue for all of the money alleged to be due him for said term, because of the unlawful and unauthorized action of the County Commission of Jefferson County in attempting to diminish the salary of said officer during and for his first term of office, or any part

thereof. Said Deputy Tax Assessor could not, when he brought this suit, sue for a part only of his salary which he had earned during his first term of office and which had expired on September 30, 1935, without binding himself by the legal effect of the judgment to be therein rendered. He could not at that time, split up his cause of action and bring suit for a part of his salary earned during his first term of office and then subsequently bring another action for another part of his salary earned during said first term. And so this court is of the opinion that the trial court did not err in its judgment holding that the judgment in favor of the plaintiff dated September 4, 1937, was res adjudicata, as to all of the salary due said Deputy Tax Assessor and which he had earned during his first term of office which expired September 30, 1935.

■ The doctrine of res adjudicata which precludes a subsequent litigation of the same cause of action is far broader in its practical application than the determination of the question directly involved in prior action. The judgment in such a case extends not only to the matter actually determined in that suit, but also to all other matters and questions which could have been properly determined in the former action. The rule applies to all questions falling within the scope of the original action, and which could have been presented by the exercise of due diligence. And this principle extends to both the claim and the defense thereto. Crowson v. Cody, 215 Ala. 150, 110 So. 46; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759.

If, in his first action, amended counts A, B, C and D, were not sufficient to cover the entire amount due plaintiff as salary for his work and services rendered during his first term of office which expired September 30, 1935, he should in that action have so amended his complaint as to cover such sums.

It follows, therefore, that the judgment of the trial court on the cross-appeal must be, and the same is hereby affirmed.

■ As to that part of the complaint which seeks to recover for unpaid salary of plaintiff earned during his term of office, which began October 1, 1935, and which ended so far as plaintiff is concerned, on the 31st day of May 1937, and which action covers a period of twenty months at $22.50 per month, aggregating $450,

and for which the trial court rendered judgment in behalf of plaintiff McAdory, it is the opinion and judgment of this court that the judgment rendered September 4, 1937 for the $292.50, is not res adjudicata as to said judgment 'for $450 for salary earned by plaintiff during his second term of office. As to this claim for salary for the term of office which began October 1, 1935, the plaintiff, McAdory, had the legal right to wait until the termination of that term to bring his suit for unpaid salary. The first suit was brought in January 1937, for unpaid salary earned during plaintiff's first term of office; that suit did not cover any part of the salary alleged to be due him for any portion of said second term of office, and if he saw fit to await the termination of his second term of office, to demand or sue for any part of his unpaid salary earned during said second term, unquestionably he had the right to do so.

■ The answers to the remaining questions insisted upon by the appellant are dependent upon the inquiry as to whether or not J. E. McAdory was an officer of Jefferson County, Alabama, within the meaning of that term as has been defined by our Supreme Court. The appellant now insists that under the authority of Jefferson County v. Case, 244 Ala. 56, 12 So.2d 343, Mr. McAdory was not an officer of Jefferson County, but was an employee merely of said county. We do not agree with appellant in this contention upon this subject. The case of Jefferson County v. Case, supra, is one which involved a suit brought by George I. Case, Jr., as a Deputy Tax Collector of Jefferson County, for a reduction, by the County Commission of said county, in his salary as such Deputy Tax Collector. His salary as originally fixed by said county commission was $150 per month, which sum was subsequently reduced to $135 per month, effective August 1, 1932. The suit was brought by Mr. Case upon the theory that he was an officer of Jefferson County, and that his salary having been fixed by the County Commission at $150 per month, could not subsequently be legally reduced to $135 per month during his term of office, and further that an attempted amendment nunc pro tunc of the minutes of the County Commission on September 12, 1933, was legally ineffective. In that case the Supreme Court held that Mr. Case was an employee merely and not an officer. It was pointed out in that case that the plaintiff claimed to have been appointed to the position that he filled under the provisions of a Statute. Code of Ala. 1923, Section 3051, Title 51, Section 190, Code of Alabama, 1940. And the opinion further declared that there was no Statute which specifically created the office of Deputy Tax Collector of Jefferson County, and that while the Statute in question authorized the tax collector to appoint deputies, still the tax collector was responsible for the acts of the Deputy Tax Collector.

The case of Jefferson County v. Case, supra, was differentiated from the case of Jefferson County v. O'Gara, 29 Ala.App. 281, 195 So. 267; 239 Ala. 3, 195 So. 277, and the differentiation there pointed out applies here. In the O'Gara case this court held that Edward A. Veitch, Deputy License Commissioner of Jefferson County, Bessemer Division, was an officer and that he held an office created by law. We think the O'Gara case is decisive of the questions now under consideration in the case at bar. It is to be noted that Mr. McAdory was appointed Deputy Tax Assessor for the Bessemer Division of Jefferson County. His office was at Bessemer and his duties were to be performed in that portion of Jefferson County comprising the Bessemer Division and not elsewhere in said county. The appointment of a Deputy Tax Assessor of Jefferson County, Bessemer Division, is governed by the provisions of an act of the legislature of Alabama, approved September 16, 1915, General Acts, Alabama 1915, p. 549. Under Section 5, of said act, the Tax Assessor of Jefferson County was required to appoint a Deputy Tax Assessor for the Bessemer Division, who was required to be a qualified elector, residing within the Bessemer Division; and who should at all times be in charge of the office of the Tax Assessor at Bessemer; and who was authorized to discharge all ministerial duties, and to perform all acts that could be performed by his principal that were not strictly nondelegable; he was made responsible on his official bond for all of his acts; he was required to take and subscribe to an oath of office, in all respects similar to that taken by his principal; he was required to enter into bond in the sum of not less than $2,000 nor more than $10,000, to be fixed by his principal, and made payable and to be conditioned as the bond of his principal was required by law to be payable and conditioned; both the oath of office and the bond had to be filed with the treasurer of the county, if there was a treasurer, otherwise with the deputy of the circuit clerk at the place where such

298

Deputy Tax Assessor's service was to be rendered. In other words, in so far as the Bessemer Division of Jefferson County is concerned, said Deputy Tax Assessor was the Tax Assessor of the Bessemer Division of said county. Said Deputy Tax Assessor was an officer of Jefferson County and not merely an employee of the county. We think this distinction was carefully pointed out by the learned trial judge in the judgment appealed from.

The salary of the Deputy Tax Assessor was a preferred claim against Jefferson County, and according to the agreed statement of facts, there were sufficient funds on hand with which to pay all preferred claims without regard to the financial pressure under which said county was then operating. In other words, the county did not have to increase its debt limit over and above the constitutional limitation by the payment of the salary of the Deputy Tax Assessor, because the county then had the funds on hand with which to pay the claim.

This court has considered this record at length, and each error assigned by the appellant, and by the appellee on cross-appeal. We do not find any error in the record of which either party can justly complain.

■ That the Deputy Tax Assessor's salary could not be lawfully reduced by the County Commission after the same had been fixed by said commission, we think is clear. State ex rel. Mantell v. Baumhauer, 244 Ala. 1, 12 So.2d 326, 342; Hamilton v. Edmundson, 235 Ala. 97, 177 So. 743; Jefferson County v. O'Gara, 29 Ala.App. 281, 195 So. 267.

From what we have said it is apparent that the judgment appealed from is due to be affirmed. It is so ordered.

Affirmed.