171 So.2d 231

## W. H. BEALL

v.

## Byron HAIR.

4 Div. 195.

Supreme Court of Alabama.

Jan. 21, 1965.

W. H. Baldwin, Andalusia, for appellee.

Joe C. Cassady, Enterprise, for appellant.

HARWOOD, Justice.

This is an appeal from a judgment rendered in favor of the plaintiff below. The complaint was framed on the common counts, for work and labor done, for account, and for money had and received by the defendant for use of the plaintiff.

The defendant Beall filed a plea of the general issue, and also a plea of res judicata.

This latter plea alleged that Byron Hair, the plaintiff-appellee did on 26 April 1961, commence an action against W. H. Beall, the defendant-appellant herein, in the Circuit Court of Covington County, Alabama in Equity; that the parties complainant and respondent in the equity action are identical with the parties in this action;

that the facts and evidence and business transaction giving rise to the plaintiff's alleged cause of action are identical with the facts and business transaction in this action and that the evidence in support of plaintiff's allegations in this cause is substantially identical to that adduced at the trial in the former equity action; that the appellant herein was successful in the equity action and that all issues were found in his favor and the final decree to that effect was entered by the Hon. Walter B. Jones, the special judge trying said cause on the 28th day of March 1962.

The plea further alleges that the said final decree is res judicata and is in bar of appellee's right to maintain the present action and that he is estopped to prosecute this action in that said final decree has not been set aside, modified, or reversed, and that the same remains in full force and effect, and further that the equity cause was appealed to the Supreme Court of Alabama which affirmed the decree entered by the Hon. Walter B. Jones. A copy of the bill, and the decree entered by Judge Jones, are attached to the plea of res judicata as exhibits.

In the prior equity proceeding the complainant Hair filed his bill for a dissolution of an alleged partnership doing business under the name of Andalusia Tire Company, and further sought an accounting.

In this equity proceeding, the lower court found that Beall was the sole owner of the Andalusia Tire Company and that no partnership existed. As to the accounting aspect of the bill the court found:

"Upon a careful examination of the testimony, and it would serve no useful purpose to set it out at length, the Court is of the opinion that the Complainant has received all and more from W. H. Beall than he is entitled to under the working agreement and the Court is unable to find from the testimony before it where W. H. Beall is indebted in any sum

whatever to the Complainant; it is, therefore, ORDERED, ADJUDGED AND DECREED by the Court as follows:

"1. That there was no partnership between Byron Hair and W. H. Beall as alleged in the Bill of Complaint.

"2. That the relief prayed for by Byron Hair, the Complainant, be and the same is hereby denied.

"3. That all the disputed issues in this cause be and the same hereby are found in favor of the Respondent, W. H. Beall."

This decree by Judge Jones was affirmed by this court on appeal. Hair v. Beall, 274 Ala. 699, 151 So.2d 613.

In the proceedings below Mr. Hair himself testified that he gave substantially the same testimony as he had given in the case tried before Judge Jones, that the same exhibits were introduced in the previous trial as they relate to income tax returns and balance sheets; that he was familiar with the final decree that Judge Jones had rendered and that the decree entered by Judge Jones covered the same period of time as in the present trial. He further testified that the only business transactions he had had with Mr. Beall were in connection with the Andalusia Tire Company. These transactions were from the year 1950 through the year 1960 and were the same business transactions involved in the equity suit.

In the trial below the appellant requested affirmative charges with and without hypothesis, and also requested affirmative charges with and without hypothesis on his plea of res judicata.

In Sims v. City of Birmingham, 254 Ala. 598, 49 So.2d 302, it was said:

"The general rule of res judicata is that a judgment of a court of competent jurisdiction, rendered on its merits, is final and conclusive of the matter in controversy and what ought to

have been litigated in the suit as between the parties to the litigation. Clark v. Whitfield, 213 Ala. 441, 105 So. 200, and cases cited.

"There is, of course, no difference in the proper application of this principle between a judgment at law and a decree in chancery. Strang v. Moog, 72 Ala. 460. It is also well established that, where a decree has been rendered dismissing a bill on the merits in a case, it is final and conclusive, not only as to all facts or issues actually decided, but upon all points which were necessarily involved in the matter adjudicated. McDonald v. Mobile Life Ins. Co., 65 Ala. 358; Strang v. Moog, supra. It has been said in essence that the doctrine of res judicata is generally broader than the determination of the question directly involved in the prior action, and the prior judgment extends to all questions falling within the scope of the original action, and which could have been presented by exercising due diligence, and extends to both the claim and the defense. Crowson v. Cody, 215 Ala. 150, 110 So. 46; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Jefferson County v. McAdory, 32 Ala. App. 294, 25 So.2d 396."

■ In the instant case, the appellee claims money from the appellant as the result of an open account, work and labor done, and money had and received by the appellant for the use and benefit of the appellee. It appears from the undisputed testimony that the only transactions that the appellant and the appellee have ever had together have involved the operation of and their arrangement in regard to the Andalusia Tire Company. Further, it appears that the causes arose on the same facts and the causes were decided on substantially the same evidence. In both cases Mr. Hair attempted to establish that Mr. Beall owed him money. The issues in the prior suit, which was in equity, were drafted differently, but nevertheless were substantially the same as in the instant case. Any indebtedness which Mr. Beall may have owed Mr. Hair from the business arrangement was decided in the prior suit. There the chancellor found that Mr. Beall was in no way indebted to Mr. Hair. Thus the matter was settled and Mr. Hair will not be given a second chance to recover what he alleges to be due to him from Mr. Beall by filing a new suit under a different form of action, the issues in the present suit being not only issues that could have been litigated in the equity proceeding, but actually were litigated.

The appellee has filed a motion to dismiss this appeal on the grounds that the transcript violates the Supreme Court Rules No. 41 and 23. It appears that the basis of this motion is that the court reporter did not copy into the record certain exhibits which were received in evidence in the trial below. These exhibits consist of some five state and Federal partnership income tax returns and a special accounting report prepared for the Andalusia Tire Company for the ten year period beginning 1 September 1950, and ending 10 September 1960, and also a profit and loss statement of the Andalusia Tire Company covering the period from 1 September 1957 to 31 August 1958.

Subsequent to the filing of this motion to dismiss this appeal as aforesaid, counsel for appellant suggested a diminution of the record for that the court reporter in preparing the transcript of the evidence was of the opinion that the copying of these exhibits was waived by the attorneys for the appellee and had therefore certified the same in accordance with Supreme Court Rule 23. Counsel for appellant also prayed that a writ of certiorari be issued to the clerk of the Circuit Court of Covington County, Alabama, commanding him to have said exhibits copied in the record. On 24 August 1964, this court issued an order to the Circuit Clerk as prayed. In answer to this writ, the Circuit Clerk did copy in the record the profit and loss statement and stated that the official court reporter certified that the remaining exhibits were impracticable of being copied. These exhibits

were again certified to this court by the clerk below.

Very clearly the special report prepared by the accountants is not capable of being copied on transcript paper in that several of the sheets of this report are on paper much wider than transcript paper.. The income tax returns likewise would be. most difficult to reproduce by typewriter because of the forms on which such returns are made.

The court reporter is not required to make photostatic copies of exhibits nor to undertake to copy them unless it can be done on a typewriter or printed. American Life Ins. Co. v. Anderson, 246 Ala. 588, 21 So.2d 791.

Further, no need arises to refer to the exhibits in view of Mr. Hair's testimony that these exhibits were the same as were introduced in the equity trial. Consideration or nonconsideration of these exhibits is without influence in respect to the refusal of the affirmative charge because of the establishment of the plea of res judicata by Mr. Hair's own testimony. Cannon v. Scarborough, 223 Ala. 674, 137 So. 900. The motion to dismiss is therefore denied.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.